## The People, ex rel. George R. Goldsmith, v. The Highway Commissioners of Nankin.

*Highway Commissioners. Notices how served : Return of service.* The statute, *L.* 1861, *p.* 256, requires that when application is made to the commissioners of highways for the vacation of a highway, a written notice must be given, stating the object of the application, describing the premises and designating the time and place of meeting of the Board. This notice is required to be served on the owners or occupants of lands through which the road passes, either personally, or by copy left at the residence of such owner or occupant, and by posting in three public places in the township.

The return of service in this case recited that it was served "upon each of the persons living upon and interested in said road therein described,' and also that the commissioners posted three notices as required by law."

*Held,* that this proof was insufficient; that to comply with the statute, it should appear upon what particular persons the notice was served, and whether served personally, or by copy left at the residence.

*Held,* also, that the return should show the particular places where the notices were posted, since it is the duty of the Board not to proceed without being satisfied on this point.

Such notice being a necessary pre-requisite to the exercise of jurisdiction, the order of the commissioners was quashed.

*Heard October* 18th. *Decided October* 23d.

*Certiorari* to the Commissioners of Highways of Nankin, Wayne County.

This was a writ of *certiorari* to review the proceedings of

the Highway Commissioners of Nankin, in discontinuing a portion of a road.

*H. M. Cheever*, for relator.

The proceedings of the respondents are void, for the following reasons:

1. By the record it appears that no evidence was taken by the commissioners "to ascertain and determine the necessity of discontinuing the highway." They seem to have acted solely upon their own opinions. The return expressly showing that the whole evidence is "returned," no presumption can arise in favor of any other having been received.—2 *Doug. Mich.* 98; 8 *Id.* 424; *L. of* 1861, *p.* 256, § 3.

2. It does not appear that the commissioners complied with the law regulating their proceedings in any of the following particulars, upon all of which the statute is imperative:

*a.* "Viewing the premises described in the application and notice."

*b.* Passing upon the "necessity" of discontinuing the highway.

*c.* Meeting at the "time and place appointed." They say they met "accordingly," i. e., to what immediately precedes this statement, "to consider and determine upon the question of the discontinuing said road." See Act of 1861, §§ 2, 3.

3. The certificate of the service of notice is insufficient because

*a.* It has no revenue stamp attached.—Stamp Act, p. 103.

*b.* It does not show such service as is required by law. The certificate reads as served "upon each of the persons living upon and interested in said road therein described," i. e., described in the notice, not the petition.

The law requires notice to be served "on the owners or occupants of lands through which it is proposed to lay out, alter or discontinue such road, either personally or by copy left at the residence of said owner or occupant."—Act of 1861, § 2. It does not appear that the owners of lands had notice, nor does the manner of service appear.

14 MICH.—2 R.

4. The "petition" and "notice" differ. The petition refers to a recorded plat, and states the course through such plat to be "southerly a few degrees west," etc. The notice makes no reference to any "plat," but defines the course through the village to be "south-westerly."

5. The road, as described in the order of discontinuance, differs from the one described in the petition. The petition is the source of jurisdiction, and must be adhered to. The "finding" must conform to the "petition." This question has been so fully argued in this Court heretofore, that it is unnecessary to dwell upon it.—30 *Maine*, 302; 3 *Dutcher*, 420; 4 *Halsted*, 21; 13 *Shep.* 406; 12 *Mich.* 434, *and cases there cited.*

The constitutional power of the commissioners to lay out a highway was also discussed, but as the court did not pass upon that question, the argument is omitted.

*G. V. N. Lothrop*, for respondents.

1. The commissioners acted under Act No. 163, *Sess. L.* 1863, *p.* 256.

The record discloses that they obtained jurisdiction of the subject matter by a petition signed by the requisite number of freeholders.—*Laws* 1861, *p.* 356, § 1; 6 *Barb.* 610. The record also discloses a notice to the persons interested of a meeting of the commissioners, and due service and posting of the notices. It also shows a meeting of the commissioners; their order of discontinuance, and the amount of damages.

When it appears that in such case the officers obtained jurisdiction in the case, the proceedings will not be reversed or set aside, unless manifest and clear error is disclosed in the subsequent proceedings. Every intendment in favor of regularity will be allowed.—2 *Doug. Mich.* 98; 4 *Cow.* 194; 3 *Hill*, 458.

2. The highway commissioners were constitutionally and legally clothed with power to act in the premises.

The amendment of Sec. 2, Art. 18, of the constitution, adopted in 1860, removed all constitutional difficulty.—*Laws* 1859, *p.* 1102.

And Act 163, *Laws* 1861, *p.* 256, gave them full statutory power.

3. The writ of *certiorari* is a writ, not of right, but depending on the discretion of this Court. Where the party has a full remedy otherwise, the Court does not favor resort to this writ; and on this ground may quash this writ at the hearing. —9 *Mich.* 324; 12 *Id.* 114; 1 *Hill*, 195, 674.

Now, in this case, all parties had a full, plain, easy and prompt remedy, by appeal to the town board.—*Laws* 1861, *p.* 259, §§ 11, 12. This remedy is one specially appropriate to the nature of the proceeding complained of. And in ordinary cases there is no reason why parties should not be required to resort to it for redress.

We insist, therefore, that this Court should quash or set aside the *certiorari* in this case.

CAMPBELL J.

The relator complains of the action of a board of highway commissioners in discontinuing a highway. Among other objections it is urged that no legal notice appears to have been given. The statute requires that when application is made to the commissioners, a written notice must be given stating the object of the application, describing the premises, and designating the time and place of meeting of the board. This notice is required to be served by the commissioners, or one of them, on the owners or occupants of lands through which the road passes, either personally, or by copy left at the residence of such owner or occupant, and by posting up such notices in three public places in the township. A copy of the notice is to be appended to the return of the commissioners.—*L.* 1861, *p.* 256, 257. The return of service on the notice in this case, recites that it was served "upon each of the persons living upon, and interested in said road therein described," and, also, that the commissioner "posted three notices, as required by law."

We think this proof insufficient. In order to comply with

the statute we think it should appear upon what particular persons the notice was served, and whether served by copy left at the residence, or personally, in order that there may be distinct proof of the parties bound by such notice. Such a return as is here given is altogether uncertain. Had names been given, it might have enabled the commissioners and the parties interested to ascertain with certainty whether any owner or occupant entitled to be heard had been left out, and whether, therefore, the proceedings could or could not be maintained. The same remark will apply to the designation of the public places where the notices were posted. The return should show where those places were; for it is the duty of the board not to proceed without being satisfied upon this point. The practice has always required such returns to state specific facts, from which the sufficiency of the service may be determined by the tribunal which is to act, instead of by the officer who serves process.

The notice, being a necessary prerequisite to the exercise of jurisdiction, the proceedings are irregular for want of record proof of it, and the order of the commissioners must, therefore, be quashed.

The other Justices concurred.