## The People ex rel. Caleb Mead v. The Highway Commissioners of Caledonia.

*Highways: Record of proceedings to discontinue.* When a highway is discontinued, the record of the proceedings filed with the Town Clerk must show every thing necessary to make them valid.

*Commissioners of highways: Power to amend return.* When Commissioners of Highways have gone out of office, it is incompetent for them to make any addition or amendment to a return of their proceedings already made.

*Heard October 8th. Decided October 9th.*

*Certiorari* to highway commissioners of Caledonia.

This was a motion to remand the writ issued in this cause for a further return.

On April 5, 1865, an application was made to the highway commissioners of the town of Caledonia, Shiawassee county, by the requisite number of freeholders, for the discontinuance of a certain highway therein described. Said commissioners having appointed a time and place for meeting, met accordingly, and made an order discontinuing said highway, which order is dated April 18, 1865.

The return of the highway commissioners to the writ did not show that any notice was served upon the owners or occupants of the land through which said highway was proposed to be discontinued, as required by law, nor did it

The People v. The Highway Commissioners of Caledonia.

show that any notice was posted by said commissioners, as also required; and it was conceded that there was no proof on record in the town clerk's office that any such notice was ever served or posted.

The respondents moved upon a showing on oath to have the writ remanded for a further return, in order that the town record might be perfected by filing affidavits of the service and posting of such notices; and that the amended record might then be sent up.

*E. Gould,* in support of the motion.

*H. McCurdy and J. M. Goodell,* contra.

*Per Curiam.*

Where a highway is discontinued, the record of the proceedings filed with the town clerk must show everything necessary to make the proceedings valid. In this case it is admitted the record is defective, in not showing notice to the parties interested, and it is proposed to supply the omission by having affidavits filed with the town clerk to show that proper notice was given. It is not denied that the proceedings on file in that office must in some way show this. Whether the commissioners who made the return to the clerk could make any subsequent addition or amendments to it under any circumstances, may be questionable. But they cannot at any rate do this after they go out of office. And the law has made no provision for any such action.

As no return which can be made will rectify this defect, there would be no propriety in remanding the papers. The motion must be denied.

The respondents having no further ground of defense, the proceedings were quashed.