FARRER *vs.* HIGHWAY COMMISSIONERS OF SILVER CREEK.

## FARRER *vs* HIGHWAY COMMISSIONERS OF SILVER CREEK.

*Held,* That the declaration in trespass, in a suit certified to this Court on a plea of title from a Justice's Court, may be amended so as to make the description conform to the description of the premises in the notice attached to the general issue; it being then apparent that when the pleadings were made up in the Justice's Court the error was overlooked by both parties.

The proviso in section 1, of the highway law, that no second application shall be made within twelve months, is not a limitation on the part of the Highway Commissioners, who may act on such second application if they please.

Where the record of proceedings in laying out a highway showed notice of the meeting of the Commissioners to lay out had been served on three persons, but did not show them to be owners or occupants, or who were owners or occupants, the Commissioners had no power to lay out such highway, and their order laying out was a nullity.

*Cass-Circuit, May,* 1871.

*By the Court,* BLACKMAN, J.—On reading the pleadings, it appeared the premises mentioned in the *Narr.,* differed from the premises mentioned in the notice attached to the general issue, in the use of N. E. ¼ for N. W. ¼, and that the description in the notice was correct. Upon this state of the pleadings the justification does not answer the charge, and the Justice could not have certified up the case to this Court. It is then clear the mistake was mutual and that the pleadings should be amended so as to raise the issue intended by the parties. This view is sustained by the opinion of Justice Cooley, in *McFarlane vs. Ray,* 14 *Mich.,* 471.

The trespass claimed was committed, if at all, in removing a fence.

Defendants justified, alleging the *locus in quo* was a newly laid out highway, that notice to remove the fence had been given, and the time limited having expired and the fence not having been removed, they, as officers, opened the road by setting to one side the rails across the way.

To show want of jurisdiction the plaintiff offered to show that within twelve months preceding the date of this application, 31st of August, 1870, an application for a road had been made to the Commissioners. The termini of the two roads were not precisely the same, but both were intended to subserve substantially the same purpose. It did not appear nor

was there an offer to show what the Commissioners had done with the first application.

Section 1, *Session Laws* of 1867, page 255, provides for two things: proceedings by the applicants and proceedings thereupon by the Commissioners. and then adds, " provided that no second application shall be made within twelve months for that purpose.".

One of the political uties.of a State is the construction of public ways. This duty this State has laid upon towns, which act by their officers, and these last are presumed to perform their duties for the public benefit. A proviso restraining their action in a case within the enacting clause must not be extended beyond the exact letter.

To hold this proviso a restraint upon the public so that no matter how the first application was treated, whether withdrawn, or abandoned, or illegal, or not acted on for any reason, would be to decide a mere nullity should have the same effect to suspend official action and public rights. It seems to me the proviso was meant for the ease of the Commissioners. and that the meaning is, that they shall not be compelled to proceed to lay out, &c., upon a second application made within twelve months after action upon a former one

In this view, void proceedings will be no bar to future action if they will consent to act.

The Legislature says to them, " You shall not be compelled to proceed, &c., having twelve months before acted on an application for the same road, but, if for any reason, the first application or the proceedings thereon prove to be nullities, you may if you please, proceed."

The record of the proceedings of the Highway Commissioners in laying out the road is quite full, and yet the application does not state the owners or occupants of the land, through and over which the proposed highway was to pass. The notice is not directed to any person and is also silent on this point.— The return on it of service says nothing of service on such persons, and the return of their doings by the Commissioners is equally silent.

In 14 *Mich.*, 528, and 16 *Mich.*, 63, service of the notice of

hearing on the owners or occupants is said to be essential to jurisdiction. By Section 3, Laws of 1867, page 171, the Commissioners must return their doings, among which doings must be the notice given.

The defendants have furnished no evidence of the service in this case except the words, "due notice having been given," which on the state of this record amounts to saying "no notice was given to the owners," &c.

Instead of this, the return should have said, "having found that personal service," or whatever the service was, "of the notice herewith returned has been made on," naming them, "who are the only owners or occupants of the premises through which the highway is proposed to be laid, at least ten days before the time of the meeting in said notice given, and that such notice has been posted at," naming the places, the same length of time, "being three public places in the township."

In computing the ten days, the day of giving the notice and of meeting must both be excluded.

For want of notice, the laying of this highway is a nullity.