## Anthony Van Auken v. The Highway Commissioners of Vernon and Shiawassee.

*Highways: Notice: Service: Commissioners: Jurisdiction.* Where the proceedings to lay out a highway do not show any proof of service or posting of the notice required by the statute, except the certificate of the commissioners that they have laid out the highway, which recites that they had " given notice according to law," the action of the commissioners is without jurisdiction and void.

*Highways: Record: Jurisdiction.* The record of proceedings to lay out a highway, required by the statute to be kept by the town clerk, which contains no proof of service or posting of the statutory notice, is defective; and such defect is jurisdictional.

*Heard July 8.    Decided July 11.*

*Certiorari* to Highway Commissioners, etc.

*S. B. Raynale,* for plaintiff in *certiorari.*

No counsel appeared for respondents.

CHRISTIANCY, CH. J.

The return of the highway commissioners states that " on the 3d day of January, 1873, said commissioners of highways of the township of Vernon, did issue their notice in writing that the commissioners of highways of the town-

ships of Vernon and Shiawassee would meet at the house of D. H. Williams in Vernon, on the 18th of January, 1873, to proceed to view the premises, and ascertain and determine the necessity of laying out said highway, and to appraise the damages thereon" (to a copy of which they refer as attached); "that said notice was served by one of the commissioners of said township of Vernon, on the owners or occupants of the lands through which it was proposed to lay out said highway, either personally, or by a copy left at the residence of each of said owners or occupants, at least ten days before the time appointed for said meeting; but that no notice of said meeting was posted up in three public places in either of said townships; that no proof of the service of said notice was made to the said joint board of highway commissioners when said highway was laid out, nor at any of their meetings; and no proof of return of said service was made and filed by said joint board of highway commissioners in either of said township clerk's offices," except the mere certificate of their having laid out said highway, in which they recite generally, that they had given notice according to law.

Upon this statement of the return it is clear that there was no sufficient proof of the service and posting of notices, and that the case falls directly within our decision in *People v. Highway Commissioners of Nankin, 14 Mich., 528.*

The record of the road was also defective, and showed no jurisdiction of the commissioners to lay it out, and in this respect the case falls within our decision in *People v. Highway Commissioners of Caledonia, 16 Mich., 63.*

The proceedings of the commissioners in the attempt to lay out and establish the highway, must be quashed and set aside.

GRAVES and COOLEY, JJ., concurred.

CAMPBELL, J., did not sit in this case.