## Augustus Names and others v. The Commissioners of Highways of Olive and Robinson.

*Proceedings to lay out highways: Commissioners: Statutory notice to owners,. etc.: Proof of service.* Proceedings to lay out a highway by an appropriation of lands of non-consenting parties, are held void in this case, where the commissioners, when they met and ordered the highway laid out, had no evidence before them that the statutory notice had been given to owners and occupants of the lands through which the highway was proposed to be laid out.

*Notice.* Whether the statute (*Comp. L. 1871,* § *1258*) does or can dispense with notice in any case to parties concerned when their property is to be appropriated to public uses:—*Quære?*

*Exceptional cases: Burden of proof.* But if there be any exceptional case where such notice may be dispensed with, the public authorities who have attempted the appropriation without notice, are called upon, when the validity of their proceedings is in question, to show that the circumstances existed which justified such action; the burden is upon them of making out such an exceptional case, and not upon the owners of the property taken, to show the contrary.

*Application for certiorari: Showing of injury.* A showing in an application for *certiorari* to bring up for review proceedings to lay out a highway, that some portion of the applicants' lands have been appropriated, is a sufficient showing that they were injured by the action taken.

*Remedy: Appeal.* A party who is not notified of the proceedings to establish a highway can lose nothing by a failure to appeal to the township board.

*Remedy: Trespass: Certiorari.* Where such proceedings are void the owners of the lands appropriated may treat them as being so, and bring trespass when their occupation is disturbed, but that is not the most appropriate and suitable remedy; nor does it preclude the remedy by *certiorari*.

*Proceedings to establish a highway: Entirety: Certiorari: Practice.* Such proceedings are to be affirmed or reversed as an entirety; and the fact that the road sought to be laid out is a long one, and the parties who complain are injured by only a small portion of it, cannot save the residue; for it is uncertain whether the commissioners themselves would have decided to open any thing less than the whole road.

*Submitted on briefs October 28. Decided October 30.*

*Certiorari* to Commissioners of Highways of Olive and Robinson.

*William A. Pratt,* for plaintiffs in *certiorari.*

*Stephen L. Lowing,* for defendants in *certiorari.*

COOLEY, J.

*Certiorari* was sued out in this case to review the

action of the joint boards of commissioners of highways of Olive and Robinson in laying out a highway on the line between the two townships.

The proceedings were taken under *chapter 26 of the Compiled Laws of 1871*, and the highway was to be established by an appropriation of the lands of non-consenting parties for the purpose. *Section 1253* of the statutes requires that written notice of an application to lay out a highway shall be served on the owners or occupants of lands through which it is proposed to be laid out, in order that they may have an opportunity to appear and oppose the proceedings; and it is conceded in the return that the commissioners, when they met and ordered the highway laid out, had no evidence before them that such notice had been given. This was a fatal defect under our previous decisions.— *People v. Highway Commissioners of Nankin, 14 Mich., 528; Van Auken v. Highway Commissioners, 27 Mich., 414.*

The respondents urge that as the highway was proposed to be laid out on section lines, no application to the commissioners was necessary unless the lands were enclosed, which is not shown to be the case here.—*Comp. L. 1871,* § *1258.* The inference drawn from this is that no notice of the commissioners' meeting was requisite. We are not prepared to decide that the statute does or can dispense with notice to parties concerned when their property is to be appropriated to public uses, but it is sufficient in this case to say that if that were allowable the public authorities who have attempted the appropriation without notice are called upon to show that the circumstances existed which justified their action. The burden of making the necessary showing is upon them, and not, as the respondents seem to suppose, upon the owners of the property taken, to show the contrary. And this remark will dispose of the objection which is made, that the relators, by their application for the writ, fail to show they are injured by the action which has been taken. They show that some

portion of their lands have been taken, and injury must be presumed. Any more particular showing was unnecessary.

It is objected that the relators have not sought the proper remedy; that they should have appealed to the township board, or brought trespass when their possession was invaded. A party who is not notified of the proceedings can lose nothing by a failure to appeal; and though it is true when the proceedings are void, he may treat them as being so, and bring trespass when he is disturbed, we do not think that the most appropriate remedy. The most suitable remedy is one which will remove all excuse for trespasses, and which may reach other errors as well as those which are fatal when the proceedings are attacked collaterally.

It is also urged that the proposed road is a long one, and that the proceedings ought not to be quashed on the application of parties who may be injured by the opening of only some small portion of it. But such parties have a right to have them set aside, so far as their own interests are concerned, and we cannot reverse as to a part of the highway and affirm as to the remainder. It would be a sufficient objection to that course that we cannot know the commissioners themselves would have decided upon opening any thing less than the whole road.

The proceedings must be quashed.

The other Justices concurred.