## Harriet V. Morseman v. The City of Ionia.

*Charter construed: Streets: Eminent domain: Attempt to purchase: Condition precedent: Judicial notice: Record.* Under a city charter authorizing the common council when a street is to be laid out, to purchase the right of way of the owners if the parties can agree upon the price, and providing that in case they cannot agree it shall be lawful for a justice to issue a venire to summon a jury of freeholders to pass upon the necessity of using the grounds and to assess the value, the power of the justice to issue the venire depends upon the failure of the parties to agree upon the price; and the fact of such failure is not one the justice can take judicial notice of, but it is to be proved or shown to him in such form as to be matter of record in his office.

*Proceedings to open streets: Record: Attempt to agree on price of lands.* A record of proceedings under such a charter to open a street, which fails. to show any evidence of any attempt to agree upon the price of the land sought to be condemned, is fatally defective.

*Heard June 10.   Decided June 18.*

*Certiorari* to John M. Stacy, a justice of the peace of the city of Ionia.

*Marble & Webster* and *John W. Champlin*, for plaintiff in *certiorari*, were stopped by the court.

*L. ·B. Soule*, for defendant in *certiorari*.

PER CURIAM:

This was a proceeding on the part of the city to condemn land for a street. The charter of the city authorizes the common council when a street is to be laid out, to pur-

chase the right of way of the owners, if the parties can agree upon the price; and in case they cannot agree it is provided that it shall be lawful for any justice of the peace of said city to issue a *venire* to summon a jury of free-holders to pass upon the necessity of using the grounds or premises, and to assess the value. The charter thus makes the power of the justice to issue the *venire* depend upon the failure of the parties to agree upon the price; and whether there has been such failure or not, is not a fact the justice can take judicial notice of, but is one to be proved or shown to him, in such form as to be matter of record in his office. It is an essential prerequisite to his right to issue the *venire*, and cannot be presumed. It is a step in that class of proceedings in which the authority to act must affirmatively appear. It seems from the record before us, that the justice in the present case proceeded to issue a *venire* without any evidence whatever of an attempt to agree upon the price of the land sought to be condemned. At all events, the return fails to show any thing of the kind, and this we must consider as equivalent to a return that no such showing was made to the justice.

The proceedings must be quashed.