# Elizabeth Ross v. The Highway Commissioners of the Township of Taylor.

*Certiorari: Petition: Return: Notice: Presumptions.* Where in the petition for *certiorari* to bring up for review proceedings to vacate a highway, it is averred that, so far as the petitioner was informed on the subject, no notice of the proceedings was given, and the return fails to indicate that any notice was given to the petitioner or to any one, it must be assumed that there was none.

*Proceedings to vacate highways: Notice.* Notice being clearly required by the statute (*Comp. L. 1871, § 1253*) to be given in such proceedings to owners and occupants, proceedings without such notice are wholly void.

ROSS *v.* HIGHWAY COMMISSIONERS OF TAYLOR.

This statutory regulation is one which is necessary to protect land-owners and' residents from very serious losses and inconvenience; and the failure to comply with it is not a mere formal defect, but a substantial wrong, going directly to the validity of the procedure.

*Submitted on briefs June 17. Decided June 18.*

*Certiorari* to Highway Commissioners of Taylor.

*Henry M. Cheever,* for plaintiff in *certiorari.*

No counsel appeared for defendants in *certiorari.*

CAMPBELL, J:

The relator brings up for review certain proceedings to vacate a highway, whereby she is deprived of access to her lands. Various defects of description, and other irregularities, are pointed out, but it is not necessary to consider them, as a more serious objection appears, that defeats the jurisdiction of the commissioners.

It is averred in the petition for *certiorari* that there was no notice given, actual or constructive, so far as petitioner was informed on the subject. The attention of the respondents being called to this subject, and there being nothing in the return indicating that any notice was given to petitioner, or to any one, it must be assumed that there was none. If so, the proceedings were wholly void, as the statute is clear that notice must be given to owners and occupants in the manner pointed out, and petitioner being a resident owner and occupant was entitled to personal notice.—*C. L.,* § *1253.*

It is somewhat unusual to take such important steps without being careful to afford every one interested an opportunity to be heard, both on the propriety of the measure proposed, and the effect it will have on private property. The statutory regulation is one which is necessary to preserve land-owners and residents from very serious losses and inconvenience. The failure to comply with this rule is not a formal defect, but a substantial wrong, and cannot be disregarded. It goes directly to the validity of the procedure.

ROSS v. HIGHWAY COMMISSIONERS OF TAYLOR.

—See *People v. Highway Commissioners of Nankin*, 14 *Mich.*, 528; *Van Auken v. Highway Commissioners, etc.*, 27 *Mich.*, 414; *Brush v. Detroit, supra p. 43*.

The proceedings must be quashed.

The other Justices concurred.