WILLIAM F. DICKINSON v. ROMEYN VAN WORMER, DRAIN COM'R ET AL.

*Notice of proceedings to lay out a drain.*

Proceedings to lay out a drain without notice to land-owners along the line of it, or an attempt to obtain from them a conveyance and release of damages, are void, and the commissioner's report is no evidence of notice.

When the right to proceed is wholly statutory, the statute must be substantially followed.

Different proceedings cannot be brought up by the same writ of certiorari.

Certiorari to the township clerk and drain commissioner. Submitted June 12. Decided June 21.

*Albert Crane* for plaintiff in certiorari.

COOLEY, J. The plaintiff in error brings certiorari to review certain proceedings taken in the township of Sumpter, in Wayne county, whereby a certain drain was laid out and its construction ordered at the expense of land owners along the line thereof. Numerous objections are made to the proceedings, and it appears manifest that the township drain commissioner has not been as careful to follow the statute in the various steps taken by him as he should have been. In these cases where the power to act at all comes from the statute it is to be borne in mind it is impossible to sustain proceedings that do not in substance conform to the rules there laid down. Nothing of substance is there prescribed which has not been deemed material for the protection of parties who must bear the expense, and if officials dispense with what the statute has prescribed, they undertake without the least authority, to alter the law to suit themselves.

As it can accomplish no good purpose to go through the various proceedings for the mere purpose of putting them side by side with the provisions of the statute which have not been followed, we shall content ourselves with saying that it does not appear except by his report—which is no legal evidence—that notice was given to the parties concerned, and that this defect is fatal. *People v. Highway Commissioners of Nankin*, 14 Mich., 528; *Van Auken v. Highway Commissioners of Vernon*, 27 Mich., 414; *Names v. Highway Commissioners of Olive, etc.*, 30 Mich., 490. Neither does it appear that the commissioner endeavored to obtain a conveyance and release of damages from the persons through whose land the drain would be cut, as required by Public Laws, 1875, p. 168; and this also is fatal. *Arnold v. Decatur*, 29 Mich., 77; *Morseman v. Ionia*, 32 Mich., 283.

The proceedings must be quashed.

The proceedings for the cleaning out of another ditch are brought up by the same writ, but we cannot take cases in that way. If those proceedings are equally defective, perhaps the proper authorities may see fit to refuse to proceed further.   •

The other Justices concurred.