PEOPLE EX REL. JOSEPH TIREMAN v. WILLIAM RUTHRUFF, DRAIN COMMISSIONER, AND GEORGE F. HIGGINS, TOWNSHIP CLERK OF THE TOWNSHIP OF GREENFIELD.

*Ditch-opening—Proof of service.*

Proceedings to open a township ditch cannot be supported by an ex-drain commissioner's unsworn certificate that he had personally served the notice of hearing,—the certificate being no part of any legal return of his official doings.

CERTIORARI. Submitted November 22, 1878. Decided January 21, 1879. The facts are in the opinion.

*Henry M. Cheever* for plaintiff, cited some of the cases reviewed in the opinion, and *People v. Com'rs of Nankin,* 14 Mich., 528; *Pegler v. Com'rs of Grand Rapids,* 34 Mich., 359; *Brush v. Detroit,* 32 Mich., 43.

*Moore & Moore* for respondents.

Graves, J.  This is a certiorari to review proceedings taken in Greenfield, in Wayne county, under the township drain law to make a drain or water-course and impose the expense on certain land owners.  An examination of the respective objections is uncalled for.  The record discloses the same jurisdictional defect which the court has expressly held to be fatal in several cases, and the governing rules have been explained so often that repetition would be scarcely excusable.

The commissioner who officiated down to the time for taking steps to apportion the drain, a Mr. Carey, went out of office last April and was succeeded by the respondent, and the latter, when about to carry the proceedings further, was stopped by injunction.

The township clerk simply returns to the writ that he finds in his office no record in the proceedings in question, and that no papers relating to the subject are on file.

The return on the part of respondent consists first of a brief statement of his official connection with the case, and second, and chiefly of the statement of his predecessor, adopted as matter of return and covering such proceedings as were taken before the change of office.

It appears that there has never been in the records or on file or before either commissioner any evidence of service of notice of the hearing under the application except as to one of the several persons interested, and so far as appears the case still remains without such evidence.  It does appear however upon the statement made by the ex-commissioner and included in respondent's return, that the former while in office made as he now considers due service of proper notice, and he assumes to explain his doings in that regard in such statement.

This representation called out by the proceeding to ascertain the validity or invalidity of the action under the drain law, and hence among other things whether

there was proper evidence of service in the records, or before the officer, is the only evidence, or rather the only showing extant, that service was attempted.

And on this the counsel for respondent says: "The fact that he himself served the notices is a sufficient answer in our opinion to the relator's position, and having done so, he could and should take judicial notice of his own acts."

This position is directly contrary to repeated decisions of the court.

In the *People v. Commissioners of Nankin*, 14 Mich., 528, a highway case in 1866, it was ruled distinctly that notice of hearing is a jurisdictional prerequisite, and that the record must show affirmatively that lawful service of it has been given. This case has been constantly adhered to and has been cited in various cases of the same class, including those under the drain laws. See *Van Auken v. Highway Com'rs*, 27 Mich., 414; *Purdy v. Martin*, 31 Mich., 455; *Harbaugh v. Martin*, 30 Mich., 234; *Dupont v. Highway Com'rs*, 28 Mich., 362; *Names v. Com'rs*, 30 Mich., 490; *Detroit Sharpshooter's Association v. Com'rs*, 34 Mich., 36; *Platt v. Com'rs*, 38 Mich.; *Tefft v. Township Board*, 38 Mich.; *Dickinson v. Van Wormer*, 39 Mich.; *Lane v. Burnap*, 39 Mich.; *Taylor v. Burnap*, 39 Mich.

In *Dupont's Case*, it was considered that personal knowledge by the commissioner was not sufficient, and the court said: "The notice is in the nature of process, and it is indispensable that there be legal evidence that it has been given. Admitting that the commissioner's return might be amended to supply proof of notice actually had, does not help a case like this where no proof was had, and the commissioners attempt to make the proof for the first time after the case has been taken into the courts. It can make no difference that one of the commissioners had personal knowledge that the notices were given. His oral statement could not be

proof to the others, and if it could, it would not be evidence to third persons, who are entitled, when such interests are involved, to have the facts placed on record."

In *Harbaugh v. Martin,* a case under the drain law, the court observed: "It is said, however, that the commissioner in these cases may act upon his own knowledge of the facts. If that be admissible, which we do not decide, the record must in some manner show that he possessed the requisite knowledge to justify his action. The record cannot be aided by knowledge which the commissioner conceals in his own breast; it must be complete in itself, and all jurisdictional facts must appear on the face of it."

In *Names v. Commissioners,* a highway case, the opinion says: "It is conceded in the return that the commissioners when they met and ordered the highway laid out, had no evidence before them that such notice had been given. This was a fatal defect under our previous decisions." In *Dickinson v. Van Wormer* we re-affirmed these views.

The subject need not be pursued further. The paper mentioned by Mr. Carey, the ex-commissioner, as his certificate of service, and dated March 14, 1878, never had any force whatever as evidence. So far as it went it was a mere unsworn statement or memorandum destitute of evidentiary character. But it was also wanting in the fulness of explanation necessary to show valid service, if it had been an affidavit. The respondent's counsel very properly declines to consider it as of any legal value.

In disposing of this case we cannot forbear expressing our regret on being compelled to set aside so many proceedings of this sort. But the principles necessary to be upheld in all matters of this character not only relate to the sacred rights of property, but are the recognized and necessary safeguards of all private ownership, and were we in any degree to shrink from their strict maintenance there would be an inlet at once for all manner

of destructive raids in the name of policy and the public good by corporations and combinations under the guise of law.

The proceedings must be quashed.

The other Justices concurred.