NEW-YORK,
May, 1833.

Columbia
Turnpike Road
v.
Haywood.

## COLUMBIA TURNPIKE ROAD *vs.* HAYWOOD.

This court has not the power to *reverse* the judgment of a common pleas court, *reversing* the judgment of a justice's court *on the merits.*

A *summons* in a justice's court, returnable in the *forenoon* of the *eighth day* of a month, is well served in the *afternoon* of the *second day* of the same month.

Fractions of a day in the service of process, notices or pleadings, are not regarded in the computation of time.

The rule requiring *notices of trial* to be served 14 days *before* the first day of the court, excluding from the computation of time the first day of court, confirmed.

A plaintiff who, after a decision on a *plea in abatement* in his favor in a justice's court upon an *issue of fact*, proceeds to adduce testimony on the merits as if an issue in fact had originally been joined, is *estopped* from saying that he was *entitled to judgment* on the determination of the plea in abatement against his adversary.

ERROR from the Columbia common pleas. The Columbia Turnpike Company sued Haywood in the *justices' court* of the city of Hudson, claiming from him a penalty of $25, for forcibly or fraudulently passing a toll-gate of the company without paying the legal toll. The defendant was served with a *summons,* and on the return thereof the parties appeared, the plaintiffs declared, and the defendant put in a plea of the general issue ; it being however agreed that the pleadings might be altered, if either party required it. The cause was adjourned, and on the adjourned day the defendant put in a *plea in abatement,* alleging that the summons was not served *six days previous to the return thereof ;* the plaintiffs joined issue, and the defendant proved that the summons was served in the *afternoon* of the *second* day of April, and that the summons was returnable on the *eighth* day of April, at ten o'clock in the *forenoon.* The court decided that the plea in abatement was not well taken. The plaintiffs then called witnesses to prove their declaration, and the defendant adduced testimony on his part,

and after hearing the proofs, the *justices' court* gave judgment for the plaintiffs for the penalty claimed, with costs. The defendant sued out a *certiorari* to the Columbia common pleas, who *reversed* the judgment of the justices, with costs. The plaintiffs sued out a writ of error to this court.

NEW-YORK,
May, 1833.

Columbia
Turnpike Road
v.
Haywood.

*C. M. Stebbins,* for the plaintiffs in error.

*A. L. Jordan,* for the defendant in error.

*By the Court,* SAVAGE, C. J. In relation to the time of service of process and notices, the law does not regard fractions of a day. For the purpose of ascertaining the priority of liens upon real estate, the true time of docketing a judgment or recording a mortgage will be inquired into. So, for the purpose of ascertaining the conflicting claims of creditors upon personal property, the true time of delivering an execution to a sheriff, where several have been delivered on the same day, will be inquired into. But in the service of process, or of notices or pleadings in a cause, fractions of a day are not regarded. The service of the summons in this case, for the purpose of a day in the computation of time, was equally well served in the afternoon as in the morning. Our rule is well settled, that when days are mentioned in the statutes or our own rules, they are to be reckoned one exclusive and one inclusive. Thus a notice of argument is a notice of eight days. If the term commences on the ninth day of the month, the service must be on the first. If you include in the computation the day of service, you will have eight days, excluding the first day of term; if you exclude the day of service, you include the first day of term. So, when six days service of a summons are required, and it is returnable on the eighth, the service on the second is good. This rule of construction is said by the defendant's counsel to be inconsistent with the decision in *Small* v. *Edrick,* 5 *Wendell,* 137; but it will be seen the phraseology of the two statutes under which the questions arise is different; the one requires the summons to be served at least six days *before the time of appearance*; the other requires no-

tice to be served at least fourteen days *before the first day of the court.* The latter excludes the first day of the court, and therefore requires fourteen days, one exclusive and one inclusive, excluding the first day of court, which our rules and the general rules of construction include. That case is, therefore, an exception to the general rule, and is so from the terms of the statute. There was no error in the justices' court in this part of the case.

Upon the merits, the facts proven were, that the defendant had on two occasions passed the gate without paying his toll; the first time was in the day time; the defendant stopped under a shed with his waggon after passing the gate, and came into the toll house; he did not pay the toll, nor was he asked for it. The second time was in a stormy night, he was asked for the toll after he had passed, the gate being open; his answer was, that his son who was behind would pay it; the gate keeper went into the house, and the son, who was to have paid, passed unobserved, and neither paid his own toll nor his father's, but would have paid it, had the gate keeper been at his post to receive it. On this evidence, the justices determined that the defendant was guilty of fraudulently passing the gate. The common pleas reversed the judgment. What part of the justices' proceedings were adjudged erroneous by the common pleas does not appear by the record. I have endeavored to show that they decided correctly as to the time of service of the summons. It is said by the plaintiffs' counsel, that the plea in abatement having been decided in favor of the plaintiffs, and the issue upon it being an issue of fact, they were entitled to judgment. To this it is answered, and I think conclusively, that the plaintiffs having given evidence upon the merits, they are now too late to complain of that erroneous decision. In *Haight* v. *Holly,* 3 *Wendell,* 263, the rule is correctly laid down by Mr. Justice Marcy, that when judgment is given for the plaintiff on a *demurrer* to a plea in abatement, the judgment is *respondeas ouster ;* but when on an issue of fact, judgment is final. But no such question was raised before the justices' court, their attention was not called to the point; both parties went into the merits apparently by consent; it is now too late to derive any benefit from an error

which seems to have been common to the parties, the court, it is to be presumed, would have decided correctly, had they been required to make a decision upon the point.

The common pleas, it is presumed, reversed the judgment of the justices' court upon the merits. They had a right to do so. The statute declares, that "The judges of such court of common pleas shall proceed and give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice, which did not affect the merits; and may affirm or reverse the judgment in whole or in part, and may issue execution as upon other judgments rendered before them." When a certiorari laid directly to this court, a similar power was given, as follows: "That in all cases of judgment removed by certiorari, the supreme court shall proceed and give judgment according as the very right of the case shall appear, without regarding any imperfection, omission or defect in the proceedings before the court below in mere matters of form. Under this power this court formerly reversed the judgments of justices, as well for errors of law as errors of fact. The courts of common pleas have now the same power; and in the case now under consideration, the common pleas reversed the judgment of the justices' court probably on the ground that the facts proved were neither evidence of force or fraud in passing the gate. If such was the ground of their decision, this court has no power to review it. Whether the defendant was guilty of force or fraud was a question of fact not to be reviewed on writ of error. As the record shews no error in the common pleas on any question of law, and as we have no right to inquire into the correctness of their decisions on questions of fact, the judgment must be affirmed. Had we the power, the judgment would not be reversed, as the court decided correctly.

Judgment affirmed.