### ROGERS vs. BEACH, impleaded, &c.

Where a plea was served on the plaintiff's attorney, and a default for not pleading was entered by his *agent on the same day*, and there was evidence that the object of the defendant in keeping back the plea was *delay*, the court refused to set aside the default, although it was not in fact entered until an hour *after* the delivery of the plea; the fractions of a day are regarded only to promote the ends of justice.

MOTION to set aside a default. The rule to plead expired on the *twenty-second* day of February. On the next day, before 8 o'clock A. M., a plea was delivered to the plaintiff's attorney, who refused to receive it, saying that a default had been or would be entered that morning, he having written his agent to do so. The default was entered that morning, but not until nine o'clock A. M. It appeared that the object of the defendant was delay. The plaintiff offered to accept the plea if the defendant would take short notice of trial for the next circuit, which might have been served in time had the plea been delivered on the *twenty-second.* The defendant's attorney refused to take short notice of trial, and gave notice of this motion.

*By the Court,* BRONSON, J. The defendant says the default was irregular, because it was not entered until an hour or more had elapsed after the service of a plea. As a general rule, the law does not regard the fractions of a day; and where the ends of justice do not demand it, the court will not inquire at what particular hour the process, pleadings, or notices in a cause were served. (*Columbia Turnpike* v. *Haywood,* 10 *Wendell,* 422.) In *Small* v. *McChesney,* (3 *Cowen,* 19,) an execution had been issued and levied *twelve hours* before the judgment record was filed, and yet the court refused to set it aside. They said [534] they would not divide the day into fractions, unless it was necessary for the purpose of guarding against injustice; that the objection of the defendant was merely technical, and the technical answer was enough where there had been no injury from the proceeding. This is a stronger case than the one before the court. Here the defendant has suffered no injury. It is admitted that he has no defence; and he withheld his plea until after the day when it should have been delivered, for the acknowledged purpose of getting the cause over the circuit. The court will not aid this effort for delay, by inquiring which of two things, both done on the same day, was first in the order of time. The motion must be denied, with costs.