[655]　　　　　　　　　　　HAVENS *vs.* DIBBLE.

Where a plea is served after the expiration of the rule to plead, upon the *agent* of the plaintiff's attorney, and the attorney on the day of the service of the plea, without knowledge of the service, enters the defendant's default for not pleading, the default will be held regular, and the defendant will be relieved only on an affidavit of merits.

MOTION to set aside default and subsequent proceedings for *irregularity*. The time to plead expired on the *fifth* of January. A plea was served on the law agent of the plaintiff's attorney at *Geneva*, on the *sixth* of January. The plaintiff's attorney resided in the city of *New-York*, and on the same day entered the defendant's default for want of a plea at the clerk's office in that city, and subsequently perfected judgment, before he learned that a plea had been served. The defendant's attorney attempted to show the hour of the day when the plea was served on the agent, and insisted that it was at an earlier hour than that when the default was entered.

*By the Court*, BRONSON, J. The court will not inquire into the fractions of a day, except where the ends of justice require it. Here the defendant waited until after the time for pleading had expired, and then served a plea on the agent. Where such a course is pursued, and the opposite attorney proceeds in the cause without actual notice of the plea, we will not take notice of the fact that the plea was served at an earlier hour of the day than the entry of the default. The plaintiff has been regular; but as there is an affidavit of merits, the default and subsequent proceedings are set aside, on payment of costs. (See *Columbia Turnpike* v. *Haywood*, 10 *Wendell*, 422.)

---

[656]　　　　　　　　　　LOCKWOOD *vs.* McLEAN.

An admission by an *agent* of due service of notice of motion is not enough, if it be shown that full notice was not given.

THIS was a motion to set aside an inquest. The defendant produced an admission of *due service* of notice, signed by the *agent* of the plaintiff's attorney. The plaintiff read an affidavit of the agent that short notice was given.

*By the Court*, BRONSON, J. This case is distinguishable from *Talman* v. *Barnes*, (12 *Wendell*, 227,) where an admission of *due service* was held sufficient, though it was shown that short notice was given. The admission there was by the *attorney;* here it is by the *agent*, who had no power to dispense with the full notice. The motion is denied with costs.