Temple v. Carstens.

---

---

TEMPLE *et al. v.* CARSTENS *et al.*

In computing the time of service, before the return day of a writ, the day of service should be included, and the return day excluded.

A judgment rendered against a party not served with process nor declared against, will be reversed.

ERROR, *to Muscatine District Court.*

This was an action of assumpsit, commenced by the defendants in error against the plaintiffs, Nicholas Temple and Henry Funk. The summons was served upon Funk only, and the declaration subsequently filed excluded Temple as a party ; but judgment by default was rendered against both of them.

*S. Whicher,* for the plaintiff in error.

*R. P. Lowe,* for the defendant.

*Opinion by* HASTINGS, C. J. It appears by the record and proceedings in this case, that Nicholas Temple, one of the defendants below, was not served with summons or other process.

It also appears that ten days did not elapse, between the date of the service of summons upon Henry Funk, and the return day.

The second section of the statute regulating practice, (*Rev. Stat.* p. 468,) provides that " it shall be the duty of the sheriff, or coroner, to serve all process of summons or capias, when it shall be practicable, ten days before the return day thereof," &c.

The summons was served on the 10th day of June, and the 20th day of June was the return day. To make this service ten days before the return day, it will be necessary to include the day of service ; and the question presented by the assignment of errors is, ought that day to be so included ? As the law knows no fraction of a day, (11 Mass. 204,) the day of service must be included in the computation. Not to compute that day would require service of more than ten days, which would violate the rights of the plaintiff, and the numerous decisions on the subject of computing time. They seem to establish a rule of computation in favor of the

plaintiff in the process, that the day on which the act was done, as the service of process, should be included.[1]  3 Halst. 303 ; 15 Mass. 193.

Time is to be calculated one day inclusive, and the other exclusive.  *Hoffman* v. *Duel*, 5 John. 232 ; *Pallard* v. *Yoder*, 2 A. K. Mars. 264 ; *Day* v. *Hall*, 7 Halst. 203 ; 10 Wend. 422 ; 3 Cowen, 19.  If the legislature had intended that the defendant should have a service of ten full days before the return day, it should have been so stated.  The day of the service will therefore be included, and there is no error as averred, in that particular.

But the judgment in this case was rendered against Temple, who was not served with process, and who was not a defendant in the declaration ; the judgment, therefore, of the district court will be reversed, and case remanded.

Judgment reversed.

---

[1] See *Dilts* v. *Zeigler*, ante, 164.