## NEW YORK COMMON PLEAS.

### BALL agt. MANDER.

Where a plaintiff resides out of the city of New York, he may bring his action before *any justice* of the district courts in the city; and, in such case, the summons must be served not less than two days before the time for appearance mentioned in it: a service on the 14th returnable on the 16th, is good.

Where the defendant said, when he received the summons, he put it in his pocket and *forgot it* until the time of its return had passed; *held,* not a good excuse for granting a new trial, especially where the court could see that he had no substantial defence.

*New York General Term, September,* 1860.

*Present,* DALY, BRADY *and* HILTON, *Judges.*

By the Court, HILTON, Judge. From the affidavits presented on this appeal, it does not appear that the defendant has satisfactorily excused his neglect to attend the trial before the justice, nor that he has a substantial defence to the action.

The defendant had nearly two full days to read the summons served on him to ascertain when it was returnable, and the only reason he gives for not doing so obvious a duty to himself is, that when it was received he put it in his pocket and forgot it until the time of its return had passed. It may be said that this neglect is accounted for by the fact stated in the affidavit of the person making the service, that it was made while the defendant was playing cards in a drinking saloon. But if this was the case it does not present such an excuse as we should consider satisfactory. At most it shows that he gave more of his attention to the reading of his cards than to examining the process of the court.

As to the defence desired to be interposed, it does not seem to me to be one that would prevail should a new trial be afforded him. The suit was to recover commissions for procuring a purchaser for his house, and in addition to the evidence before the justice, that the purchaser thus procured was one Kempf, we have now the fact before us, that the conveyance by the defendant is upon record, to Kempf, and not to Denner, who makes an affidavit in the plaintiff's behalf, stating that he alone was the purchaser.

Respecting the questions presented in the notice of appeal as to the jurisdiction of the justice, and the sufficiency of the summons, it is only necessary to remark, that § 4 of the district court act permits an action to be brought before any justice where the plaintiff, as was the case here, resides out of the city of New York (see also § 80 of same act), and by § 13, the summons in actions where the plaintiff is such non-resident, must be served not less than two days before the time for appearance mentioned in it.

The return shows that the summons was served on the 14th of April, returnable on the 16th, and the law does not regard fractions of a day in computing the time for the service of process, notices or pleadings in a cause. (*Columbia Turnpike Road* agt. *Haywood*, 10 *Wend.*, 422.) Judgment affirmed.