JOHN A. KLINE vs. JOSEPH BLAIR AND SAMUEL H. BLAIR.

A NOTICE of trial served by mail, was put into the post office on Saturday, the 7th of April, after the mail had gone, on that day. The notice was for trial on the 24th of April, and the attorney to whom it was sent, made affidavit that he did not receive it until the 10th, and that it was post marked on the 9th. Held, that the notice was not served in time under rule 9, of Circuit Court Rules,

When service is by mail, if the party making service desires to have the day of mailing notice counted as the day of service, he should place the notice in the post office in season for the mail on that day.

*St. Joseph Circuit, May,* 1870.

Motion by defendant's attorney to strike cause from the calendar for the term, for want of proper notice of trial.

The action was assumpsit, and the plaintiff's attorney made affidavit that he deposited the notice of trial in the post office at Centreville, addressed to defendant's attorney at Three Rivers, on Saturday, the 7th day of May, 1870, the notice being for the 24th of May, the first day of the term. The defendant's attorney made affidavit that he did not receive the notice until the 10th of May, and that the letter containing it was post marked on the 9th; also, that soon after, he called the attention of plaintiff's attorney to the matter, and that he admitted to him that he did not put it into the mail on the 7th, until after the mail had gone on that day.

*Alison & Akey,* Plaintiff's Attorneys.

*O. F. Bean,* Defendant's Attorney.

*By the Court,* UPSON J.—

The written notice of trial is required by §4,347, 2 *C. L.*, to be served, "at least 14 days before the first day of the court, at which such trial shall be intended to be had." This requires 14 days before the court, exclusive of the day of service.   *Grah. Prac.* 2d *Ed.,* 262; 5 *Wend.* 137; 10 *Wend.* 422.  The first day of court is excluded in the computation of the time by the statute, and the day of service is excluded also, by Circuit Court rule 15. See also 1 *Doug.,* 4 *Mich. R.* 450.  There must therefore be 14 full days, in cases of personal service of notice, between the day

of service and the first day of the term. But where the service is by mail, as in this case, Circuit Court Rule 9, requires the time of service to be increased "one day for every 20 miles dis. tance between the place of deposit and the place addressed." There should have been 15 full days then, between the day of mailing this notice and the first day of the term, but as it was actually mailed on the 9th, if we exclude that, and also the 24th, it leaves only 14 days, which, although sufficient in cases of personal service, is not sufficient where service is by mail. Placing the notice in the post office on Saturday, after the mail had left, is no mailing of it on that day, as it could not then be actually mailed before Monday, the 9th, and to uphold such service, would practically defeat or repeal the rule. To be counted as a service, by mailing on the 7th, it should have been dropped in the post office in season for the mail on that day. See 2*d Wend.*, 249, 631.