wrong were not in law the servants of the defendants, but were in the position of independent contractors, for whose acts none but themselves and their immediate employees could be held liable.

*Held*, That the evidence warranted no such conclusion. The men were employed as laborers of defendants, subject entirely to their control. The intermediate agent was an overseer, and the acts complained of were done in the regular course of business, not wilfully. All these were servants of the defendants, and the latter are responsible for their acts. If the offence of the men would be trespass, there is no sense in holding the master exempt from the same kind of responsibility, and however the common law may have been, the policy of our statutes would hold absent employers liable.

The action was properly brought, and the evidence tended to prove no other relation than that of master and servant.

Judgment reversed with costs, and a new trial ordered.

---

## ARNOLD vs. NYE.

It is to be presumed from the judgment, except in the case of inferior tribunals or those not proceeding according to the course of the common law, that jurisdiction of the parties was duly obtained.

The appearance of an attorney for a defendant is to be taken as *prima facie* evidence that he had authority to appear.

The want of a seal to an execution does not render it void, and such execution may be amended.

In the computation of the time required by statute in the service of notice of an application for an order for a commission to take testimony, the day of service is to be excluded, and that on which the application is to be made included.

Notice of the settlement of interrogatories may be served at the same time with the notice of the application for a commission.

Discretion of the Judge as to cross-examination.

A Deputy Sheriff, after the expiration of his term of office, was permitted without any affidavit or other showing, to endorse on a declaration served by him while in office, an amendment to his return so as to show that a copy of a rule to plead was endorsed on the copy served by him. *Held*, That this was error.

Error to Washtenaw Circuit.

*Opinion by* COOLEY, J.—*Held*, That the objection taken to the ssion in evidence of the judgment in the Federal Court against

James Arnold in favor of Clark has no force. The ground of the objection was that it did not appear on the face of the record that Arnold was serv d with process.  It is to be presumed except in the case of inferior tribunals or those not proceeding according to the course of the common law, that jurisdiction of the parties was duly obtained.  In this case, however, an attorney of the Court assumed to answer for the defendant and consented in writing to the rendering of the judgment.  It must be assumed, in the absence of evidence to the contrary, that he was duly authorized to act.

*Held,* That the objection to the certified transcript, that it did not show the execution issued on the judgment to have been under seal, is not a valid one.  The want of a seal, if really wanting, might have been supplied on motion to amend, and did not render the execution void.

*Held,* That the Court erred in rejecting the deposition of Page. The ground of rejection was that ten full days' notice of the application for the order for the commission was not given as required by the statute.  The notice was of an application to be made on March 15, 1810, and was served on March 5.  The general rule is to exclude the day of service and include that on which the application is to be made, and under this rule the service was in time.  The notice required in this case comes within the general rule, and is not within the exceptions to said rule.

The defendants in error also object to the deposition that notice of the settlement of interrogatories was given at the same time with the notice of the application for a commission, and of course before the order for issuing the commission had been granted.

*Held,* That the statute does not in terms provide that the commission must be ordered before any steps can be taken to settle interrogatories, and there it no reason for putting such a construction upon it, as the same opinion is to decide upon the application and settle the interrogatories.  It seems not improper to give such notices that the settling of the interrogatories may immediately follow the order for the issuing of the commission.

One Stowell was sworn for the defendants, and a member of the bar was called to impeach him, and testified that he had known Stowell for a number of years and knew his reputation for truth and veracity in the neighborhood where he resided, and that it was bad.—

ARNOLD vs. NYE.

On cross-examination he testified : "I have had no personal diffi-culty with Stowell; he was a witness in the Goldsmith divorce case; I was counsel in that case." He was then asked: "Did the judgment of the Court sustain the theory of the case to which Mr. Stowell testified?" The question was objected to but allowed, and the witness replied : "The judgment of the Court was in accordance with the theory testified to by Stow-ell in that case."

*Held*, That very much ought to be left to the discretion of the Circuit Judge as to the extent to which cross-examination shall be allowed, and that this decision ought not to be set aside because of the latitude of examination permitted, unless there had been a clear case of legal indiscretion. See *Stewart vs. The People*, decided last term. There is no reason for holding that the discretion of the Circuit Judge was exercised improperly or unwisely.

Error was also assigned in reference to the action of the Court in suffering an amendment to be made in support of one of the judgments under which the defendants justified. The judgment was one taken by default on a service of declaration made by the defendant Osborn, who, when service was made was a deputy sheriff, but who ceased to be such when the tria, was had. The certificate of service did not show that any copy of rule to plead was served with the declaration. and the Court, when objection was taken to the judgment on this ground, al-lowed Osborn, without any affidavit or other showing, to amend his return in such a manner as to show that a copy of rule to plead was indorsed on the copy of declaration served by him.

*Held*, That great liberality should always be shown in per-mitting amendments in furtherance of justice; but when a rec-ord is to be corrected under circumstances like these, all due precautions should be observed to have proper evidence, so that the amendment when made will represent actual fact. Evi-dence of service of a declaration may be made either by affida-vit, or by the official return of the Sheriff, and in either case a protection against, or a remedy for, a false proof of service.—Here there was no official return of the service upon which there was legal liability. The former Sheriff cannot be liable

for the trust which he had confided to Osborn had terminated, and he no longer authorizes Osborn to use his official title for any purpose, nor would he have any remedy against any sureties he may have required of Osborn. Neither would the amendment be made under the sanctity of an official oath, for the person making it was no longer an officer when it was made, A showing should have been required by affidavit instead of an amendment of the official return.

The judgment of the Court below is reversed with costs. and a new trial ordered.

<hr>

## CLARK vs. WEST.

Evidence showing that the plaintiff in an action of replevin had no right to the possession of the property when he commenced his suit is a bar to his action; and such evidence is admissible without a plea in abatement or plea *puis darien continuance.*

Error to Oakland Circuit.

*Opinion by* GRAVES, J.—In April, 1870, Clark sued West in replevin for a heifer, before John H. Dresser, a Justice of the Peace. May 21, judgment was rendered for West, and Clark removed the case to the Circuit on *certiorari.* The heifer was returned to West after the judgment, and five days after that, notice of the *certiorari* was served on the Justice, and West was required to return the animal to Clark. She was taken from the stable of West by Brown, the co-defendant, and was returned to Clark by him. On that same day West, who claimed that this taking was not with his consent, brought replevin against Clark before George Robertson, another Justice, and June 15, Robertson gave judgment for West, and Clark appealed. Meanwhile the Court had considered the first case and reversed the judgment of the Justice The second appeal having come on for trial, West proved the proceedings before the other Justice, the judgment, the subsequent taking of the heifer by Brown, her delivery to Clark and her value. He then rested the case on his behalf.

Clark then offered to prove his original title to the animal, that she was taken from him during his absence, and that the judgment