## Henry Kroop, Jr., and others v. Horace S. Forman, Drain Commissioner of Otisco.

*Eminent domain : Statute must be strictly followed ; Record.* Every material requirement must be strictly observed in carrying out laws for condemning private property to public uses ; and the proceedings must show affirmatively on their face a substantial adherence to the course prescribed by the statute.

*Township drain law : Application to commissioner.* The application to the commissioner by persons interested, under the township drain law (*Comp. L. 1871, ch. 48*) is required, from the very nature of the thing, and by the clearest implication from the terms of the law, to be in writing.

*Venire : Description of property : Line of ditch : Dimensions.* The venire provided for by said statute, in case a jury becomes necessary, is required to describe the property to be taken, and the jury are to be sworn to ascertain the necessity of taking the land "described in the venire," etc. ; and a venire, therefore, which gives only the line, without the dimensions of the proposed ditch, is fatally defective.

KROOP *v.* FORMAN.

*Township drain law : Remedy : Appeal : Certiorari.*  The remedy provided by appeal to a justice of the peace does not preclude the remedy by *certiorari* in a case where the aggrieved parties were not aware of the decision of the matter until it was too late to take an appeal, and where, too, the remedy by appeal might be inadequate.

*Heard January 8.    Decided January 12.*

*Certiorari* to Drain Commissioner of Otisco.

*Mitchel & Pratt,* for plaintiffs in *certiorari.*

*Blanchard & Vosper,* for defendant in *certiorari.*

GRAVES, CH. J.

This is a *certiorari* to review certain proceedings under the township drain law.—*Comp. L., ch. 48.*

The respondent, as drain commissioner, took measures to establish a drain or water-course upon lands of the relators, and they allege illegalities.  Several objections are set up, but it is not necessary to notice all of them.

In carrying out laws for condemning private property to public uses, it has always been held necessary to strictly observe every material requirement, and the courts have been equally constant in insisting that the proceedings should affirmatively show upon their face a substantial adherence to the course prescribed by the legislature.

Now, the first material thing under this law is the application to the commissioner by persons interested.

This it is which is to put the officer in motion.  And it is the basis of his authority to enter upon the course of proceedings to establish a water-course or locate a ditch.—*Comp. L., § 1779.*

Having received the application, he is then to make an examination and proceed to a hearing in order to determine the necessity for draining the lands "mentioned therein" (§ *1782*); and finally the papers are to be made a record in the office of the township clerk.—§ *1783.*  The nature of the thing, as well as the terms of the law, most clearly imply that this application shall be in writing.

31 MICH.—19.

KROOP v. FORMAN.

The record before us, however, affords no evidence that this was done. On the contrary, the inference is that the application was verbal. This, I think, was a substantial error.

In the next place, it will be noticed that if the commissioner decides that it is necessary to drain the lands, and for the health of the inhabitants, he must immediately proceed to establish the water-course or locate the ditch, and to that end, if deemed necessary, cause a survey and measurement thereof to be made, and "*shall decide upon the commencement, courses, distances, depth, width and termination thereof,*" and in case the owners of the land through which the water-course or ditch is to run do not release all claim for compensation therefor, he is then to summon a jury who are to ascertain the necessity of taking the property for the purpose specified and the just compensation to be paid.

In order to obtain this jury, and to show and present to them their duty and the subject matter for their action, he is to issue a *venire,* which is required to *describe the property to be taken,* and to command them to ascertain the necessity for taking such property, and if they think it is, then to ascertain the just compensation to be paid. The law supposes the commissioner to have decided according to its requirements upon the "commencement, courses, distances, depth, width and termination" of the water-course or ditch, and then commands him to insert the description in the *venire* as the guide and the only guide to be provided for the jury to enable them to judge intelligently. It is then provided that the jury shall be sworn to ascertain the necessity of taking the land "described in the *venire,*" and to appraise the just compensation to be paid, if any.— § *1782.*

These regulations are essential. They regard the duty imposed upon the jury and are intended to afford them the *data* necessary to enable them to perform it.

Here the relators did not release damages, and a jury was necessary. The commissioner assumed to determine

upon the dimensions of the water-course or ditch, and summoned a jury. But the *venire* only gave the line of the ditch. The dimensions of it were not stated at all, and the jury were merely sworn to ascertain the necessity of taking the land "described in the *venire*," and to appraise the just compensation to be paid to the owner thereof, if any.

As the description in the *venire* consisted of a line merely, and embraced nothing, the jury were not in a situation to make a determination having any legal force. Neither the shape of the ditch or the quantity of land was shown to them, and they could neither decide upon the necessity of taking any given quantity or upon the amount of compensation. This was a fatal defect.

It was objected on the hearing that no redress should be allowed by *certiorari*, because the relators might have appealed to a justice. It is not certain that the remedy by appeal would have been adequate in this case. Besides, it it is represented that relators were not aware of the decision until it was too late to appeal to a justice. This objection ought not to prevail.

I think the proceedings should be quashed, with costs to relators.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.