## *St. Clair Circuit.*

## DAVID J. STEWART

### vs.

## FRANCIS J. BARBER.

*Process—Short Summons.*

A short summons issued June 28, served June 29, and returnable July 1, is served in time.

In computing the time the day of service is excluded and the day of the return is included.

The plaintiff in certiorari, who was also plaintiff below, commenced suit by summons against defendant in justice's court. The summons was dated and issued June 28, returnable July 1, and was personally served June 29.

Of the proceedings had on the return day, the justice makes the following return in answer to a writ of certiorari:

"That on the first day of July 1876 at 10 o'clock A. M. case called ; parties appeared before me ; defendant's att'y asked to discontinue the cause on the ground the summons was not served two full days from the time of service to the time of appearance. Plaintiff objected to motion for discontinuance. Motion sustained and cause discontinued with costs "75 cts"

Dated and signed by the justice.

The plaintiff, evidently understanding that a judgment of nonsuit and for costs had been rendered against

him, brings the case to this court by certiorari, and the case is argued by counsel on both sides and submitted upon that theory or understanding.

HARRIS, J.: The question is whether on not, under Comp. Laws, Section 5264, two full days must elapse between the day of service and the day of return of a short summons.

The rule adopted by our Supreme Court seems to be to exclude the day of service and include the day of return.   23 Mich., 293.

Under this rule the service in this case was good, and the judgment of the justice, *if it is a judgment,* must be reversed, with costs.

(December, 1876.)

*E. R. Stevenson* and *F. Whipple* for Plaintiff in Certiorari.

*C. R. Brown* and *T. J. McSweeney* for Defendant in Certiorari.