HENRY LANE v. GEORGE W. BURNAP, DRAIN COMMISSIONER.

*Drain law—Notice—Act 140 of 1875.*

Proceedings to lay out a ditch under Act 140 of 1875 cannot be sustained unless the drain commissioner's return states how, when and on whom notice of the examination upon the application for the drain, was given, and shows affirmatively that it was given to all parties concerned in strict conformity to the act.

The five days' notice of "examination" on an application for a township ditch excludes the date of notice and of examination.

Certiorari to drain commissioner. Submitted October 31. Decided November 21.

*J. C. Sawyer, John Whitbeck* and *Millerd & Bean* for plaintiff in certiorari.

*Moore & Moore* for defendant in certiorari.

GRAVES, J. This is a certiorari to review proceedings taken under color of the township drain law, to make a ditch or drain and apportion and raise the expense. The proceedings in question were begun in July, 1877, but the writ of certiorari was not taken out until January, 1878. The respondent's counsel, noticing these and some other dates, objects that there has been unreasonable delay and amounting to laches in commencing this proceeding, and he contends that the writ ought to be dismissed for such reason.

In bringing forward this point the counsel must have overlooked the material fact in the return, that the last statement of the jury summoned by the commissioner was not made until the 21st of December, or nineteen days only before the writ issued. The commissioner must therefore have considered the proceedings as still going on until within a few days of the writ. The objection has no force.

The general rules of law applicable to this class of proceedings have been repeatedly explained and enforced, and it is useless to repeat our previous expositions. A

great body of cases will be found collected in *Paul v. Detroit*, 32 Mich., 108, and several of later date may be easily referred to.

The present record is full of errors, but it would be a waste of time to go through the case and notice each material defect. A reference to one so glaring as to forbid discussion will be sufficient.

The commissioner either had or had not a case before him which he was authorized to entertain and carry forward, and if he had not such a case, that is an end of the whole matter. But if he had, it was one in which an "examination" was necessary, and consequently one in which it was indispensable for him to appoint a time and place for such "examination," and to give the notice thereof required by the statute to all persons interested. He proceeded to appoint the time and place for the "examination," but there is no evidence of lawful notice. The statute governing the subject is very special. §§ 2 and 3 of Act 140, Pub. Acts, 1875, p. 166. On coming to the case where an "examination" is required, the provision (§ 2) defines the commissioner's duty in these terms: "he shall at once appoint a time and place for an examination upon such application, and shall give notice thereof, in writing, to all persons interested in such ditch, or drain, or watercourse who reside in such township, which notice shall be served upon each of such persons at least five days before the day appointed as aforesaid, by delivering a copy to such persons, or by leaving a copy at the residence of such persons, with some person of suitable age; and when any person or persons interested in such watercourse, ditch, or drain, reside out of such township, or any minor, minors, insane, or incompetent person or persons are interested in such watercourse, ditch, or drain, the drain commissioner shall publish such notice once a week for three successive weeks, next before such day appointed, in a newspaper of general circulation in the county in which such township lies, or when there is no newspaper in said county, in a newspaper of general circulation in an adjoining county, unless he shall serve written notice as above provided, on all such persons living out of such townships, and on the guardian or guardians whose wards are interested

in such watercourse, ditch, or drain; in which case the person upon whom such notice is made shall have one day's notice for every twenty miles travel (excluding Sundays) from their residence to such place appointed, in addition to the five days' notice provided above; and a copy of such notice, with an affidavit of service, or publication, or both, shall be taken as evidence that the same has been regularly served or published."

The commissioner sets forth a notice in his return which purports to have been prepared to notify a hearing on the 31st of July and to have been dated on the 25th of the same month, and assuming that it was sufficient in substance it is evident it only applied to residents of the township and was only capable of service on the day of its date. The time between the date and the return was too short for any method not summary or for any service later than the date. *People ex rel. Platt v. Highway Com'r of Clay*, 38 Mich., 247. There is no pretense of service of any other notice or of any attempt to give notice except by some kind of service of this notice, and we only know that this was served in any manner by the statement the commissioner has inserted in his return to the writ in regard to it. He there observes as follows: "I served the above notice in writing on all the persons interested in the above described ditch, being township drain No. 3."

It is worthy of observation in this connection that the statute, as we see, provides that proof of service of the prescribed notice, whether given by publication or by delivery of paper, or whether applied to the real party or to guardians, may be made by affidavit, and which thus made would form part of the original record in the clerk's office, and that no countenance whatever is given to the practice of leaving the facts of service and explanation as to the course of service pursued, to the recollection of the commissioner, and it may require consideration whether the mention by the Legislature of the mode of proving service by affidavit is not to be construed as excluding proof by subsequent oral testimony. But the point is not involved and is not decided,

and whatever view may be taken of it, it is well settled that the mere general statement by the commissioner as part of his answer to the writ is not proof on the hearing in *certiorari* that lawful notice was given. *Dupont v. Highway Com'rs of Hamtramck*, 28 Mich., 362; *People on rel. of Livermore v. Burnap*, 38 Mich., 350; *Dickinson v. Van Wormer*, ante, p. 141. But if the statement by the commissioner be received as an unobjectionable mode of proof, it is still bad. It does not explain the facts. It does not state how or when or on whom the service was made. Whether the imperative requirements of the law were in point of fact obeyed or disobeyed cannot be discovered, and we cannot, at least for this review, presume they were observed. That they were substantially complied with ought to appear affirmatively. Cases cited above and *People on rel. of Goldsmith v. Highway Com'rs of Nankin*, 14 Mich., 528; *Names v. Com'rs of Highways, etc.*, 30 Mich., 490; *Van Auken v. Highway Com'rs of Vernon*, 27 Mich., 414; *Kroop v. Forman*, 31 Mich., 144; *Purdy v. Martin*, Id., 455; *Ross v. Com'rs of Highways of Taylor*, 32 Mich., 301.

The proceeding must be quashed.

The other Justices concurred.