JOHN MILTON v. FREDERICK H. WACKER ET AL.

*Notice of proceedings to extend township ditch.*

Proceedings to extend a ditch will be quashed if proper notice has not been given to persons interested.

CERTIORARI to drain commissioner and township clerk. Submitted January 15. Decided January 21.

*Crocker & Hutchins* for plaintiff.

*Condemnation of land for township ditch.*

Proceedings to condemn land for a township ditch are void if it does not appear that the dimensions of the proposed ditch were made known to the jury or commissioners.

A finding that land must be taken for a township ditch must show what specific land was condemned, and what kind of ditch was approved, and on what basis the jury or commissioners acted.

In all *quasi* judicial proceedings for the condemnation of lands, every substantial element of the case must appear in the written record.

CERTIORARI. Submitted January 15. Decided January 31. The facts are in the opinion.

*Crocker & Hutchins* for plaintiff in certiorari.

*George M. Crocker* for defendants in certiorari.

GRAVES, J. This certiorari is brought to review proceedings by a township drain commissioner. The record charges many errors, but only one ground of complaint will be specially noticed. Several objections are unimportant, and one defect which plaintiff's counsel suggested when the case was submitted is not alleged as error.

The drain commissioner was unable to obtain conveyances of the land necessary and releases of damages and was hence compelled to call a jury or obtain the appoint. ment of commissioners. He elected to apply for commissioners, and June 17, 1878, the judge of probate appointed them. They were sworn, and on the 3d of July, 1878, they made their written determination, which, with other proceedings, was filed with the township clerk July 19.

Throughout these proceedings the ditch is described only as a line. In no place is there any description of its "width and average depth."

So far as appears the special commissioners had no knowledge of the required dimensions and no means of judging how much land would be needed at any point, or the amount of expense to be incurred, or of the benefit or injury to individuals so far as it would depend upon the size and depth of the ditch generally or in localities or of the necessity for the "good of the public health," in so far as that might turn upon the extent and features of the designed improvement. In *Kroop v. Forman*, 31 Mich., 144, this subject was referred to. But defendants' counsel observes that the amendment of 1875 has made that case inapplicable and has removed all necessity for specifications in the proceedings or in the record or for any thing more definite than the description of a line. We cannot concur in this view. The function of these commissioners is one of high import. It is expressly provided for by the constitution. They are required to determine upon oath the necessity for taking private property for the public good, and to ascer-

tain and fix the amount of damage or compensation, and this implies that they shall know what the conditions are on which their judgments must be exercised.

The result may depend wholly upon the dimensions, and it cannot be intended the Legislature designed to leave commissioners without the means to enable them to discharge their high duty intelligently. They should not only have before them the entire subject of their inquisition in a shape so distinct as to warrant an intelligible decision, but the proceedings should show that such was the case. Their judgment ought to declare upon its face what lands it devoted to the public good and what sort of ditch in its dimensions they approved, and of course all this should appear in the record.

Public and private rights, the certainty of titles, and the general peace and order are all concerned in having specifications and in having a durable record of them. But it is unnecessary to rely on general reasoning. The amended statute requires the commissioner, before calling a jury or obtaining the appointment of commissioners, to "determine the route, width, length and average depth" of the proposed ditch. This is imperative, and the purpose is obvious. It is not required that it may be retained as something for the private satisfaction of the drain commissioner. The intention is to afford precise data to be acted on by the jury or commissioners, and the regulation contemplates that the scheme thus marked out shall be viewed as the subject for their judgment, and when their determination is made it should embody in terms or by certain reference the matter which has their sanction. Their judgment should explain what it is they decide to be for the public good and what lands they find it necessary to take for such end and what is the subject matter of their valuations, and so on.

It was not necessary that the statute should expressly direct what should be matter of record and how the record should be made up. The common law applies and it determines that in all such proceedings which are

*quasi* judicial, every substantial ingredient should be set down in writing.

The defect in the present case is vital. There is nothing in the record which makes known what specific land, if any, has been condemned or what kind of a ditch has been approved of, or what basis the commissioners acted on. It is scarcely necessary to add more.

One of the objections made against the present application is that the plaintiff appealed from the appraisal commissioners to a justice of the peace. It is sufficient to observe that the appeal was too late, being more than "ten days after the act complained of," and was finally abandoned.

The proceeding must be quashed.

The other Justices concurred.