JACOB BOSSENCE v. GEORGE W. JONES.

*Justices' courts must wait an hour for defendant.*

A justice of the peace must wait for the defendant for an hour after the time fixed for hearing, in any cases in which the plaintiff is allowed that time by Comp. L. § 5373.

Error to Lapeer. Submitted June 29. Decided July 1.

Assumpsit. Defendant brings error. Reversed.

*C. P. Thomas* and *George Mott* for plaintiff in error. Justices of the peace should wait a full hour for the parties to appear: *Shufelt v. Cramer* 20 Johns. 309; *Sherwood v. S. & W. R. R. Co.* 15 Barb. 655.

*Moore, Bentley & Palmer* for defendant in error.

Graves, J. The only question raised by this record is whether a justice of the peace ought to wait an hour for the defendant to appear in the same cases in which by the terms of the statute such time is given to the plaintiff. The subject was referred to in *Smith v. Brown* 34 Mich. 455, and notice was taken of the general practice to apply the same rule to the defendant as to the plaintiff. The distinction made by the words of the statute is not easily explained. No good reason is perceived for giving an additional hour to the plaintiff and withholding it from the defendant. It is the policy of the law that full opportunity shall be allowed for a fair hearing in these courts of the litigation which is proper to them, and justice requires that both parties shall have equal chances, and any rule likely to lead to what are called snap judgments cannot have any presumption in its favor. The popular understanding has always been that a delay of an hour for a defendant was legal, and it is not improbable that the Legislature supposed that the practice was already so firmly fixed as to supersede the necessity for any express reference to it. But however this may be it is certain that the justice ought to wait a reasonable time for the defendant and that, by analogy to the time allowed for the plaintiff, may well be regarded as an hour. This accords with the general usage and common opinion and is in every view favorable to justice.

The judgments of both courts must be reversed with the costs of all.

The other Justices concurred.