EDWARD BURNETT v. JOHN SCULLY JR., DRAIN COMMISSIONER OF DEERFIELD AND NATHAN MANLEY, TOWNSHIP CLERK.

*Certiorari—Drain proceedings—Public notice.*

1. Certiorari to review the action of a township drain commissioner in laying out a drain and in levying a tax to pay for it, was sustained by the Supreme Court where the plaintiff had seasonably sought the proper remedy at first but had lost it without his fault, and where its allowance would not stay anything but the collection of his share of the tax.

2. The return to a writ of certiorari is not necessarily conclusive as to statements in the petition therefor that do not go to the merits but are made merely by way of excuse for delay.

3. The argument ab inconvenienti against the allowance of certiorari in drain proceedings does not go to the jurisdiction.

4. Public notice must be given before a contract for making a township drain can be let. How. Stat. § 1708.

Certiorari. Submitted Jan. 30. Decided April 15.

*Westerman & Westerman* for plaintiff.

*Millard & Weaver* for defendant, claimed that the writ of certiorari should be quashed: *Matter of Lantis* 9 Mich. 324; *Roediger v. Drain Commissioner* 40 Mich. 745; *Dunning v. Drain Commissioner* 44 Mich. 518; *Dunlap v. T., A. A. & G. T. Ry.* 46 Mich 190; *Bresler v. Ellis* 46 Mich. 335; *Farrell v. Taylor* 12 Mich. 113; *Tucker v. Drain Commissioner* 50 Mich. 5; *Dietz v. Frazier* id. 227; *Vanderstolph v. Highway Commissioner* id. 330; *Whitbeck v. Hudson* id. 86.

COOLEY, C. J.   A writ of certiorari has been sued out in this case to review the action of a township drain commissioner in laying out a drain and levying a tax to meet the cost.   The plaintiff in certiorari is owner of land lying three-fourths of a mile or so from the drain, and the purpose of the writ is to set aside the tax levied upon this land for supposed benefits.   The drain was established by an order of the commissioner dated September 12, 1883, and contracts for its construction in sections were made in October and November following.

The drain was all completed by November 18, 1884.   The writ of certiorari was not applied for until November 22, 1884.   The plaintiff excuses the delay by saying that he with many others filed a bill in chancery February 20, 1884, for the purpose of setting aside the proceedings of the commissioner and to have the tax declared void; that subpœna in the case was served April 8, 1884; that defendants appeared in the case July 3, 1884, but that " upon examination of the files and records in the office of the clerk of said court by the clerk himself no files or papers could be found pertaining thereto, excepting the words on the back of on empty envelope ' taken by Howell'; that an interview was had with Hon. Andrew Howell in regard to the papers and files in said cause, who said he had returned them to the attorneys for defendants, and they being interviewed in regard to the whereabouts of said files and papers, said they had no recollection of having them, and after waiting some considerable time, and after diligent search and inquiry for the same," the plaintiff was satisfied the files and papers cannot be found, and for that reason, on November 17, 1884, he discontinued

the chancery suit. The return to the writ of certiorari denies that the chancery suit has been discontinued, and avers it to be still pending.

The conflict in the statements respecting the discontinuance of the chancery suit, both of which are made under oath, is somewhat remarkable, but we may well believe it is due to the failure on the part of the plaintiff to observe some formality necessary to an effectual discontinuance. But as, after this positive statement of discontinuance the plaintiff, we must assume, would not be suffered to proceed in the suit, and as the circuit judge before whom the suit was pending has himself allowed the certiorari, and has thereby given us to understand that under the circumstances, which must have been well known to him, the case is a proper one for this remedy, we are inclined to hold the failure to proceed sooner to be sufficiently excused. It is to be observed that as the statements in the petition on this subject do not go to the merits, but are made by way of excuse for delay merely, the general rule that makes the return conclusive is not applicable, and we must judge of the excuse upon the facts as they are given by both parties, and in the light of the allowance of the writ by the circuit judge.

The question whether, on the merits, the writ should be sustained is one upon which we have had some hesitation. We held in *Whitbeck v. Hudson* 50 Mich. 86 that certiorari was an improper remedy for bringing tax proceedings before this Court for review, and pointed out the inconveniences that would result from its use. The plaintiff in this case is complaining merely of a tax ; his lands are not taken, and he is not injured otherwise than by the unauthorized demand for tax moneys which is made upon him. But the argument ab inconvenienti does not go to the jurisdiction, and the fact that the plaintiff resorted to the proper remedy and has lost it without his fault has been deemed by the circuit judge sufficient reason for allowing this writ. And as the writ has been applied for at a stage in the proceedings when nothing would be stayed by it but the collection of the sum claimed

from this party, we think proper under all the circumstances not to quash it, but to end the litigation here.

When the return is examined it is apparent that the proceedings cannot be sustained. The statute required public notice of the letting of contracts for construction. How. Stat. § 1708. This is a statutory condition precedent to the letting of contracts and the incurring of the expense which constitutes the major part of the tax ; and it does not appear from the return that this condition was complied with. Following *Kroop v. Forman* 31 Mich. 144 and *Lane v. Burnap* 39 Mich. 736.

The proceedings, so far as they concern the lands of the plaintiff in this writ will be set aside.

The other Justices concurred.