THE PEOPLE, FOR THE USE AND BENEFIT OF JOSEPH W. CHADDOCK AND HIRAM A. DELANO, v. ROBERT D. BARRY ET AL.

*Justices' courts — Service of summons — Computation of time — Docket—Jurisdiction.*

1. How. Stat. § 6827, which provides for the service of a justice's summons at least six days before the time of appearance mentioned therein, excludes the day of service and includes the appearance-day.[1]

2. A justice's judgment cannot be attacked collaterally because the docket fails to show affirmatively that the justice on the adjourned day waited one hour for the defendants to appear.[2]

Error to Missaukee.  (Aldrich, J.)  Submitted on briefs November 2, 1892.  Decided December 2, 1892.

Debt.  Plaintiffs bring error.  Reversed.  The facts are stated in opinion.

*Philip Padgham,* for appellants.

*C. P. Thomas,* for defendants.

LONG, J.  This cause was tried in the circuit court before a jury.  The suit was on a sheriff's bond; but the only question in controversy here is upon a justice's summons, which was introduced in evidence, and upon which the rights of the parties depend.  The summons was issued February 9, 1889, returnable February 18.  It was served upon one of the defendants in the summons named, February 12.  It is claimed upon the part of the defendants that both the day of service and the return-day should be excluded, and that, so excluding both days, no

---

[1] See *Campfield v. Cook,* 92 Mich. 626.
[2] See *Talbot v. Kuhn,* 89 Mich. 30.

sufficient service was had to give the justice jurisdiction. How. Stat. § 6827, provides:

"A summons shall in all cases, except as hereinafter otherwise provided, be served at least six days before the time of appearance mentioned therein."

If this statute provides for six days exclusive of the day of service and the day of return, the summons was not properly served, and the justice did not acquire jurisdiction. If, on the contrary, either of these days is to be included in the computation of time, then it was properly served, and the justice had jurisdiction.

It is claimed that there is great confusion in the cases heretofore decided by this Court upon this question, but we think, if the proper rule in the construction of the statutes is kept in mind, this confusion is not so apparent. The rule was laid down in *Turnpike Road v. Haywood,* 10 Wend. 422, which was followed by this Court in *Arnold v. Nye,* 23 Mich. 286, and that rule has since been adhered to, or at least it is apparent that this Court has attempted to keep within that rule. In *Turnpike Road v. Haywood, supra,* the rule is that, in determining the time within which process or notice must be served, the language of the statute must be observed; and, where an act is to be done a certain number of days before a day stated, then that day is excluded in the computation, but, where an act is to be done a certain number of days before another act, then the day on which that act is to be done is included. The summons was therefore served within the time required by the statute, and gave the justice jurisdiction.

Under the act of 1875, pertaining to public drains, the commissioner was required to serve notice of examination upon the application "at least five days before the day appointed as aforesaid." Act No. 140, Laws of 1875. In *Lane v. Burnap,* 39 Mich. 736, and *Taylor v. Burnap,*

Id. 739, it was held that five clear days were required.

It has also been held by this Court that, in proceedings to lay out highways, the statute requiring that notice of a meeting to determine the necessity of a highway must be served at least 10 days before the time of said meeting, requires 10 full days. *Platt v. Highway Commissioner,* 38 Mich. 247; *Coquard v. Boehmer,* 81 Id. 445; *Cox v. Commissioner,* 83 Id. 193. See, also, *Rifenburg v. City of Muskegon,* 83 Mich. 279.

It is held under How. Stat. § 6840, requiring writs of attachment to be served at least six days before the return thereof, that the last day is to be included. *Hubbell v. Rhinesmith,* 85 Mich. 30, and cases there cited.[1]

It is also held, under section 4245, Comp. Laws of 1857 (How. Stat. § 7434), authorizing a commission to take depositions, which provides that notice shall be given to the adverse party at least 10 days before the making of application therefor, that the day of service is to be excluded, and the day on which the application is to be made is included. *Arnold v. Nye, supra.* See, also, *Eaton v. Peck,* 26 Mich. 57, and *Warren v. Slade,* 23 Id. 1. We think the rule as laid down in *Arnold v. Nye, supra,* which adopted the rule of the New York court in *Turnpike Road v. Haywood, supra,* has not been intentionally departed from in the subsequent cases in this Court, and that the true construction of this statute includes the return-day mentioned in the summons in the computation of time.

As the rule in *Turnpike Road v. Haywood, supra,* must hereafter be followed, we note the language of that court in which it is said:

"Our rule is well settled that, when days are mentioned in the statutes or our own rules, they are to be reckoned one exclusive and one inclusive. Thus a notice of argument is a notice of eight days. If the term commences on

---

[1] See *White v. Prior,* 88 Mich. 647.

the 9th day of the month, the service must be on the 1st. If you include in the computation the day of service, you will have eight days, excluding the first day of the term; if you exclude the day of service, you include the first day of term. So, when six days' service of a summons are required, and it is returnable on the 8th, the service on the 2d is good. This rule of construction is said by the defendant's counsel to be inconsistent with the decision in *Small v. Edrick*, 5 Wend. 137; but it will be seen the phraseology of the two statutes under which the questions arise is different; the one requires the summons to be served at least six days *before the time of appearance;* the other requires notice to be served at least fourteen days *before the first day of the court.* The latter excludes the first day of the court, and therefore requires fourteen days,— one exclusive and one inclusive, excluding the first day of court, which our rules and the general rules of construction include. That case is, therefore, an exception to the general rule, and is so from the terms of the statute. There was no error in the justice's court in this part of the case."

In that case the justice's summons was served on the 2d day of April, in the afternoon, and was returnable on the 8th day of April, at 10 o'clock in the forenoon.

*Isabelle v. Iron Cliffs Co.*, 57 Mich. 120, which defendants' counsel relies upon as sustaining his position as holding that the day of service and the return-day must be excluded in computing the time, must be overruled if at variance with the above rules of construction of the statute; but the learned Justice who wrote the opinion in that case was giving construction to a statute relative to the service and return of a writ of attachment. The officer making service in that case was unable to find the defendant within his bailiwick, and it was held that the case fell within the rule laid down in *Town v. Tabor,* 34 Mich. 262.

We are aware that in a note to the fourth edition of Tiffany's Justice Guide, under the title of "Summons," p. 31, the learned judge who revised that edition carries

the impression that the rule has been settled in this State that both the day of service and the return-day of the justice's summons are to be excluded in the computation of time. He says, as supporting that contention, that, when an act is to be done before a specified time or day, that day is to be excluded in computing the time for complying with the requirement, and cites the cases of *Sallee v. Ireland*, 9 Mich. 154; *Powers' Appeal*, 29 Id. 504; *Platt v. Highway Commissioner*, 38 Id. 247; also one case from New York, and two late cases from Massachusetts. He also says, " it is ruled in this State that the day of service is to be excluded," citing the cases above referred to, together with *Lane v. Burnap, supra, Taylor v. Burnap, supra,* and the case of *Arnold v. Nye.* It is evident from this that the rule laid down in *Turnpike Road v. Haywood,* cited with approval in *Arnold v. Nye,* was lost sight of, as many of the cases cited in support of the rule laid down in the note arose under quite different statutes from the one in controversy here. We have examined the cases with considerable care, in order to deduce the proper rule of construction of this statute, so that in the future it cannot be said that there is confusion in the cases; and the rule hereafter must be adhered to under this statute, excluding the day of service and including the return-day in the computation of time.

It is also claimed that the judgment of the court below should not be disturbed, for the reason that the docket entry of the judgment put in evidence does not show affirmatively that the justice, on the adjourned day of the cause, waited one hour for the defendants to appear. This point is ruled by *Smith v. Brown*, 34 Mich. 455. Had an attack been made upon the judgment in a direct proceeding for that purpose, this defect would have been error. *Bossence v. Jones*, 46 Mich. 492; *Noyes v. Hillier*, 65 Id. 636. But the judgment was not attacked except

in this collateral way, and the defect is not jurisdictional, as held in *Smith v. Brown.*

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.