Nov. Term,
**1825.**

BRAMAM
v.
HOWK.

*Saturday,*
*November* 19.

Case 1.
1b 392
136   28

JACOBS and Another *v.* GRAHAM and Another, in Error.

A JUDGMENT was rendered in the Circuit Court on the 3d of *October*, 1820, and a transcript of the record filed in the Supreme Court on the 3d of *October*, 1825: *Held*, that the defendant might plead the statute of limitations (1).

It is a general rule, that where the computation of time is to be made from an act done, the day on which the act is done should be included. *Arnold et al.* v. *The United States*, 9 Cranch, 104.

(1) The statute authorizes a transcript to be filed, without the issuing of a writ of error. Stat. 1823, p, 132.

After judgment, twenty years are allowed in *England* for bringing a writ of error. Tidd, 1064. In the Supreme Court of the *United States*, five years are allowed. Gordon's Dig. Art. 525. Five years is the time in this state. Stat. 1823, p. 133. There are exceptions in favour of infants, &c. Ibid. The plea of the statute of limitations concludes by praying that the plaintiff may be barred of his writ of error; and the judgment, if for the defendant, is in accordance with the prayer of the plea. 1 Arch. Pr. 256, 258. There cannot be a judgment of affirmance in such case, because the plea, like that of a release, is a confession of errors. 2 Will. Saund. 101, v, note.