# APRIL TERM, 1871, AT DETROIT.

## (CONTINUED FROM VOLUME XXII.)

———◇———

## James Warren and others v. Ira Slade, Impleaded with another.

*Computation of time.* An action commenced by summons on March 15, 1869, upon a judgment rendered in a court of record on March 15, 1859, is not barred by the statute of this state (§ 5384, *Comp. L.*), which provides that every action upon such a judgment shall be brought within ten years next after the judgment was entered, and not afterwards. In computing the time upon such statute the day the judgment was entered is excluded.

*Submitted on briefs April 15. Decided April 25.*

Case made after judgment from Wayne Circuit.

*Don M. Dickinson,* for plaintiffs.

*Cleaveland Hunt,* for defendants, cited: *1 Burrill's Pr., 57 and notes ; 3 Parsons Conts., 90 ; 9 Pick., 490; 3 Johns., 523 ; Presbrey v. Williams, 15 Mass., 193 ; Arnold v. U. S., 9 Cranch, 120 ; Pearpoint v. Graham, 4 Wash. (C. C.), 232.*

COOLEY, J.

This action appears to have been brought upon a judgment rendered in the court of record on the fifteenth day of March, 1859. It was commenced by summons on the fifteenth day of March, 1869, and the question upon which the case turns is whether action was not barred by the statute before the summons was taken out.

WARREN *v.* SLADE.

The statute, applicable to the case, provides that every action upon such a judgment shall be brought within ten years next after the judgment was entered, and not afterwards.—*Comp. L.*, § *5384.* If, in computing the time, the day when judgment was entered is to be included, the present action was brought too late, but if that day is excluded, it is conceded that summons was taken out in due season. The question, therefore, is one of the proper rule for computing time in such cases; the plaintiffs claiming such a construction of the statute as will entitle them to judgment, while the defendant insists that, both upon reason and authority, the action was barred.

This subject has undergone no little discussion in the courts, and the conclusions have been exceedingly discordant. The earlier English cases support the view taken by the defendant here. In *Norris v. The Hundred of Gawtry, Hob., 139,* action was brought on the statute of Hue and Cry, which provided that "no person shall take any benefit," etc., "except he or they so robbed shall commence his or their action within one year next after such robbery." A robbery took place October 9, and it was held that suit brought the succeeding October 9 was barred. In *The King v. Adderley, Doug., 463,* Lord Mansfield had occasion to consider the subject under a statute, which made the sheriff not liable to be called upon to return process, unless within six lunar months after the expiration of his office; and he held on the authority of the case in Hobart, and of *Bellasis v. Hunter, 4 Ld. Raym., 280,* that where the computation of time is to be made from an act done, the day on which such act is done is to be included. And these *decisions* were afterwards applied to a case in which a month's notice was required to be given of an action; the court holding that the month began with the day on which the notice was served.—*Castle v. Burditt, 3 T. R., 623.*

All these cases, however, as well as some others, came under the review of Sir William Grant, in *Lester v. Garland, 15 Ves., 248*, where a bequest had been made in trust, in case A should, within six calendar months after the testator's decease, give security not to marry B, then and not otherwise to pay to the children of B. The testator died on the 12th of January, and security was given on the 12th of the succeeding July, which the plaintiff claims was one day too late. The learned judge said: "It is not necessary to lay down any general rule upon this subject; but upon technical reasoning I rather think it would be more easy to maintain that the day of an act done, or event happening, ought in all cases to be excluded, than that it should in all cases be included. Our law rejects fractions of a day more generally than the civil law does. The effect is to render the day a sort of indivisible point; so that any act done in the compass of it is no more referable to any one, than to any other portion of it, but the act and the day are co-extensive; and therefore the act cannot properly be said to be passed until the day is passed." "In the present case, the technical rule forbids us to consider the hour of the testator's death as the time of his death, for that would be making a fraction of a day. The day of the death must therefore be the time of the death; and that time must be past before the six months can begin to run. The rule contended for, on behalf of the plaintiff, has the effect of throwing back the event into a day upon which it did not happen, considering the testator as dead upon the 11th, instead of the 12th of January; for it is said the whole of the 12th is to be computed as one of the days subsequent to his death. There seems to be no alternative but either to take the actual instant or the entire day as the time of his death; and not to begin the computation from the preceding day." And he cites, in support of his conclusion, that the day of

the death should be excluded, a case in which he had been counsel in the House of Lords, where the like conclusion was reached by Lord Rosslyn and Lord Thurlow.

So in *Gorst v. Lowndes, 11 Sim., 434,* the testator had directed the income of his property to be accumulated for the term of twenty-one years from his death, and this was held to exclude the fifth day of January, on which he died. The Vice Chancellor said: "I should have thought this the simplest question in the world. I have generally understood the rule to be that, ordinarily speaking, where a party creates a term from a certain day, that day is excluded in the computation of the term. Here the testator has directed the trustees of his will to receive and accumulate the income of his real and personal estate for the term of twenty-one years from his death; and I should have thought it perfectly clear that where a person gives such instructions, the term would have extended to the twenty-first anniversary of the day mentioned, and that the whole of that anniversary would be a portion of the term; or, in other words, that the day of his death would be considered as a point, and the last fifth of January would be included in the term of twenty-one years." And he so decides.

In *Hardy v. Ryle, 9 B. & C., 603,* action was brought against a justice of the peace in trespass for false imprisonment. The imprisonment terminated December 14th, and the suit was commenced on the 14th of the succeeding June. The statute was, "No action shall be brought against any justice of the peace for anything done in the execution of his office, unless commenced within six calendar months after the act committed." It was held not too late. So in *Pellew v. Inhabitants of Wonford, 9 B. & C., 134,* where the riot act required notice of damage or injury to be given "within two days after such damage or injury

done," the day of the injury was held to be excluded, and a rule was applied by Lord Tenterden which is called by subsequent judges a very reasonable test to apply, viz: by reducing the time to *one* day, in which case the party would clearly be entitled to the whole of the next day in which to give notice, otherwise he might have no time all. So in *Webb v. Fairmaner, 3 M. & W., 473,* where goods were sold on the fifth of October, to be paid for in two months, it was held the purchaser had the fifth of December in which to make payment. See also *Rex v. Justices of Cumberland, 4 Nev. and M., 378 ; Blunt v. Heslop, 8 A. and E., 577 ; Williams v. Burgess, 12 A. and E., 635 ; Dowland v. Foxall, 1 B. & Beat., 192,* in which the same rule was applied under several different statutes.

Now, in several of these cases, the actual result of the rule approved by Sir William Grant may be, under given circumstances, to give the party one day more than the statute time in which to bring suit, inasmuch as he would be legally entitled to act on the very day of the event from which the time is computed, if that event took place at an hour of the day which would permit of action; but, on the other hand, the opposite rule, as was so forcibly illustrated by Lord Tenterden, would under other circumstances, give him one day less than the statute time, and if that time was one day only, would give him no time at all. There is good reason, therefore, in the rule adopted by Sir William Grant, of treating the day of the act or event as a point of time only, and excluding it altogether from the computation.

We have been thus particular in referring to the English cases, because some of the earlier cases in this country appear to have adopted the rule laid down in *The King v. Adderley,* and other early English cases, and which is stated by Mr. Justice Washington, in *Pearpoint v. Graham,*

*4 Wash.*, *232*, as follows: "Where the computation of time is made from an act done, the day on which the act is performed is included, because the act is the *terminus a quo* the computation is to be made; and there being in contemplation of law no fraction of a day (unless when the priority of acts done on the same day becomes necessary), the terminus is considered as commencing the first moment of that day."

This rule was applied to cases arising under statute of limitations in *Presbrey v. Williams, 15 Mass., 193; Jacobs v. Graham, 1 Blackf., 392.* See also *Little v. Blunt, 9 Pick., 491; Ryman v. Clark, 4 Blackf., 329.* But there can be no question that the preponderance of American authority is the other way. See *Sims v. Hampton, 1 S. & R., 411; Cornell v. Moulton, 3 Denio, 12; Commercial Bank v. Ives, 2 Hill, 355; Judd v. Fulton, 10 Barb., 118; Windsor v. China, 4 Greenl., 257; Weeks v. Hull, 19 Conn., 377; Kimm v. Osgood's Adm'r, 19 Mo., 60; Owen v. Slatter, 26 Ala., 547; Lang v. Phillips, 27 Ala., 311.* And this harmonizes with the mode of computing time under rules of practice, which is always exclusive of the first day, unless the peculiar wording of the rule would include it. And the more general we can make such rules, where no substantial reasons exist for distinctions, the less likely are those who are to act upon them to be deceived and misled in their action.

We are of opinion that the circuit judge was correct in his ruling, and that the judgment should be affirmed.

The other Justices concurred.