# EDWIN T. CHAPMAN

*v.*

# ANNIE CHAPMAN.

*Filed at Ottawa June 15, 1889.*

1. RESIDENCE—*of a wife, other than that of the husband.* As a general rule, the residence of a wife is fixed by that of her husband; yet it is not true that a wife living separate and apart from her husband may not establish an independent residence.

2. So where there is a permanent separation between a husband and wife, he contending that she deserted him, and she that he declared his purpose not to live with her if she went to a particular place, they at that time living elsewhere, the residence of the wife will no longer follow the husband, and she may thereafter acquire a residence in a State other than that of the husband, within the meaning of our divorce statute, provided the change is made in good faith, and not merely for the purpose of instituting a suit for divorce.

3. RELEVANCY OF TESTIMONY—*under the issues.* On bill for a divorce by a wife against her husband, on the ground of his adultery, the only issues made and submitted to the jury were, whether the wife was a resident of the State for the requisite period, and whether the charge of adultery was true. On the trial, the defendant offered in evidence letters of his wife, written to him, in which she admitted that she had procured a miscarriage upon herself, and declared she would bear no more children to him, and indirectly consented to his committing adultery, which the court, on objection, refused to admit: *Held,* that under the issues the evidence was wholly irrelevant, and therefore properly excluded.

4. WITNESS—*credibility—of a detective.* On bill by a wife for divorce, the deposition of a detective hired by the wife to watch her husband and procure evidence of his adultery, will be entitled to but little weight, and in this case might be entirely disregarded, but for the halting and evasive manner in which the husband contradicted such testimony.

5. PRACTICE IN THE SUPREME COURT—*of the abstract—what it should contain.* Where the refusal of an instruction is assigned for error, the series of instructions given should be set out in the abstract, so that this court may see that the one refused was not in effect given in others, without having to examine the record for that purpose. If this is not done, the court may properly refuse to consider the error assigned.

6. NEW TRIAL—*newly discovered evidence.* To entitle a party to a new trial, on the ground of newly discovered evidence, he must show that such evidence could not have been procured at the trial by the use of reasonable diligence. The fact that he did not believe evidence would be given upon an issue made, furnishes no excuse for not being prepared to meet it.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. GWYNN GARNETT, Judge, presiding.

Mr. WILLIAM H. SISSON, and Mr. CLARENCE F. GOODING, for the appellant:

The residence of complainant in the State one year was necessary. It is essential to the jurisdiction of the court. *Way* v. *Way,* 64 Ill. 406.

As to what constitutes such residence, see *Frost* v. *Brisbin,* 19 Wend. 11; *In re Fitzgerald,* 2 Caines, 317.

Connivance of a party to adultery is a bar to a bill for a divorce. 2 Greenleaf on Evidence, secs. 51, 57; Bishop on Marriage and Divorce, p. 3, par. 5, and p. 10, par. 14; Rev. Stat. chap. 40, sec. 10.

Mr. GEORGE MEECH, and Mr. WILLIAM C. ASAY, for the appellee:

If the injured party is an actual resident of this State at the time the offense is committed, and the offense is committed without the State, and such actual residence continued till the bill was filed, the court will have jurisdiction, though the residence has not been for one year. *Way* v. *Way,* 64 Ill. 406.

By our statute a married woman may be an actual resident of this State though she has no domicile here; and if, while she is such actual resident, the offense which supplies the ground of divorce is committed, because of the necessity of her separate and independent residence her actual place of residence becomes her separate and legal domicile. *Hopkins*

v. *Hopkins,* 35 N. H. 474; *Dutcher* v. *Dutcher,* 39 Wis. 651; *Pate* v. *Pate,* 6 Mo. App. 49.

A defendant who would rely upon matter of recrimination must plead it. This is the general doctrine applicable to all defenses. 2 Bishop on Marriage and Divorce, (5th ed.) sec. 341. As to evidence of connivance: Ibid. secs. 5, 17, 18, 22, 49.

There is no issue raised by the pleadings which permits evidence of connivance.

That appellant must, in his affidavit, show diligence, and that the newly discovered evidence is not cumulative, impeaching or contradictory, we refer to the following decisions: *Schlenker* v. *Risley,* 3 Scam. 483; *Crozier* v. *Cooper,* 14 Ill. 139; *Stetham* v. *Shoultz,* 17 id. 99; *Calhoun* v. *O'Neal,* 53 id. 354; *Skelly* v. *Boland,* 78 id. 438; *Clayes* v. *White,* 83 id. 540; *Harvey* v. *Collins,* 89 id. 255; *City of Elgin* v. *Renwick,* 86 id. 498; *Insurance Co.* v. *Gould,* 80 id. 388; *Adams* v. *People,* 47 id. 376; *Morrison* v. *Stewart,* 24 id. 24; *Railroad Co.* v. *Seitz,* 53 id. 452; *Laird* v. *Warren,* 92 id. 205; *Gottschalk* v. *Hughes,* 82 id. 484; *Edgmon* v. *Ashelby,* 76 id. 161; *Wright* v. *Gould,* 73 id. 56; *Champion* v. *Ulmer,* 70 id. 322; *Palmer* v. *Bethard,* 66 id. 529; *Bowen* v. *Rutherford,* 60 id. 41.

Newly discovered evidence must be decisive and conclusive in its character, and must be such as would change the result. *Chapman* v. *Burt,* 77 Ill. 339; *Hayes* v. *Houston,* 86 id. 487; *Bulliner* v. *People,* 95 id. 394.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is a proceeding for divorce, begun in the Superior Court of Cook county, by appellee, against appellant. Two issues are made by the amended bill and answer: First, was appellee a resident of Chicago at the time of the alleged adultery by appellant; second, is the charge of adultery true. The offense is alleged to have been committed out of this State on the 30th day of April, 1886, and other days, up to and including May 9, 1886. It is averred that complainant was during

all of said time an actual and *bona fide* resident of the city of Chicago. The trial resulted in a verdict for complainant.

One of the causes alleged on motion for new trial was newly discovered evidence. The motion was overruled, and a decree rendered upon the verdict in accordance with the prayer of the bill. The defendant appealed first to the Appellate Court, where the decree of the Superior Court was affirmed, and now to this court.

It is first insisted that the verdict of the jury was contrary to the evidence on both issues. The only testimony introduced as to the residence of the complainant at the time alleged was that of the parties to the bill. Appellant testified that her residence was in New York. His testimony is, however, argumentative rather than direct, being based upon the theory that her residence must necessarily have been where his was. While it is true, as a general rule of law, that the residence of the wife is fixed by that of the husband, yet it is not true, as contended by counsel, that a wife living separate and apart from her husband may not establish an independent residence. Here both parties swear that there was a separation about April 1, 1886, he swearing that she then deserted and abandoned him; she, that he declared his purpose not to live with her if she went to Chicago. Under these facts, her residence was no longer the same as his, and she might thereafter lawfully acquire a residence in a State different from that in which he resided, within the meaning of our divorce statute, provided, of course, the change was made in good faith, and not merely for the purpose of instituting divorce proceedings. She denies that even her husband ever had a residence in New York, and her testimony proves the allegation of her bill as to her residence in Chicago. On the evidence introduced the jury was justified in finding the issue as to residence for complainant, though there is much reason to fear that a controlling motive for fixing the Chicago residence was the bringing of the suit for divorce.

On the second issue complainant offered the deposition of James Gordon, who claims to be a detective residing in New York City, and who was hired by her to watch her husband and procure evidence against him. We give but little credit to his evidence, and, but for the halting, evasive manner in which it is contradicted by appellant, would disregard it altogether. A Mrs. Stella Chapman, wife of a brother of appellant, also living separate and apart from her husband, testified that appellant admitted to her that he had been guilty of adultery. She, too, is contradicted by appellant, but his testimony, as taken by the reporter, shows that his manner on the witness stand and mode of answering questions must have been calculated to discredit him. We can not say the evidence is wholly insufficient to sustain the charge of adultery.

One instruction asked by appellant was modified and two refused. There was no error in the modification. The instruction, as asked, read: "To constitute residence there must be a fixed abode and an intention to remain *permanently, or* at least for a time, for business, or for other reasons not solely connected with the bringing of a suit for divorce." The words "*permanently or*" were stricken out, and the instruction given as modified. The effect of the instruction is not changed by the modification.

The series of instructions given does not appear in the abstract, nor is it shown, in any manner, that the jury was not properly instructed on behalf of appellant, nor that the refused instructions were not, in effect, given in others. This method of presenting a question on refused instructions compels the court to go to the record to ascertain whether or not error has been committed, and we might with propriety refuse to consider the point, as did the Appellate Court. In view of the unsatisfactory character of the evidence, we have examined the instructions, and find that the law was not only fairly, but favorably, given to the jury on behalf of appellant, and that the two were properly refused.

Appellant sought to introduce certain letters written by his wife to him, in which she admitted that she had procured a miscarriage upon herself, declaring she would bear no more children to him, and, indirectly at least, consenting to his committing adultery. On objection, they were excluded, and this ruling is also assigned as error. Under the issues, the evidence was wholly irrelevant, and on that ground alone was properly ruled out.

The newly discovered evidence, as shown by affidavits of proposed witnesses, would strongly tend to prove that appellee was not in Chicago from April 10 to May 10, and had not at that time become a resident of this State, but no legal excuse is offered for not having produced it, or other like evidence, on the trial. Nothing in practice is better settled than that in such case it must be shown that the newly discovered evidence could not have been produced at the trial by the use of reasonable diligence. The only showing on that subject is the following affidavit by appellant:

"Edwin Taylor Chapman, on oath, says: Since trial he has discovered evidence material to the issues, which was not known to him at time of trial, and could not, by reasonable diligence on his part, have been produced upon trial; that said newly discovered evidence is this: That whereas, the complainant, Annie Chapman, on said trial testified that she came to Chicago on or about the first day of April, 1886, to reside and remain, and did so reside and remain until the latter part of September, 1886, continuously, and affiant, although believing that said statements were untrue, had not thought, believed or expected that the complainant would so testify in this cause, therefore was not prepared to controvert said testimony, yet, since said trial, he has discovered evidence to prove the facts to be as follows, to-wit."

It proves negligence rather than diligence. On the case made by the bill, proof of complainant's residence in Chicago between the dates of April 10 and May 10 was absolutely nec-

essary to her success. She had alleged it, and appellant had denied it. What reason, then, or what right, had he to believe that she would not testify to it or prove it by others? Yet by his affidavit he admits that his want of preparation to prove what he now says he can prove, resulted solely from a belief that an essential allegation of the bill would not be proved. By his own showing he experimented—trifled with the court— and only began to prepare for trial after the verdict had been rendered. The court below very properly refused to allow him to do so.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*