FREEMAN J. SHELTON v. CHAUNCEY L. GILLETT.

| 79 | 173 |
|-----|-----|
| 142 | 372 |

*Contract—Computation of time.*

This case is ruled by *Warren v. Slade*, 23 Mich. 1, holding that, in computing time upon a statute limiting suit upon a judgment to a period within ten years after its entry, the day of such entry is excluded.

So *held*, where a grantee agreed that, if he disposed of the land at any time within five years from the date of the contract, he would pay the grantor a specified sum. The contract was dated December 24, 1883, and the grantee sold the land December 24, 1888, and there was no evidence outside of the contract to show the intention of the parties as to the computation of time, and the sale is held to have been made within the five years.

Error to Shiawassee. (Newton, J.)  Argued January 8, 1890.  Decided January 17, 1890.

*Assumpsit.* Defendant brings error.  Reversed.  The facts are stated in the opinion.

*Watson & Chapman,* for appellant.

*Turner & Turner,* for plaintiff.

GRANT, J. Plaintiff sues defendant in *assumpsit* on the following contract:

"I hereby promise to pay to Freeman J. Shelton the sum of seventy dollars at the expiration of one year from this date, provided that within such time I succeed in disposing of the interest in certain lands on section four, township of Cohoctah, Livingston county, Michigan, which said Shelton has this day conveyed to me; and if I do not so ·dispose of the same within one year,· but dispose of the same at any time within five years, I will pay said Shelton such seventy dollars when I do dispose of the same, less such a sum as would be equal to the amount of interest on the sum of two hundred and fifty dollars, at seven per cent., from this date to the time of such disposal. If I do not dispose of said land within five years from this date, I will, at the expiration of such five years, pay him the full sum of seventy dollars.

"Dated this 24th day of December, 1883.

"CHAUNCEY GILLETT."

The defendant disposed of the land on December 24, 1888. There is no evidence outside of the contract to show the intention of the parties as to the computation of time. The question is therefore to be determined by the contract itself. Did the five years expire on December 23 or 24, 1888? The circuit judge charged the jury that—

"The whole thing was to be completed and ended on the 23d day of December, 1888, at midnight."

The case is clearly within the rule laid down by this Court in *Warren v. Slade*, 23 Mich. 1. That suit was brought upon a judgment rendered in a court of record, March 15, 1859. Summons was issued March 15, 1869. The statute [1] provides that every action upon a judgment shall be brought within 10 years after the entry thereof. The Court held that the day the judgment was rendered must be excluded in the computation, and that

---

[1] Comp. Laws 1857. § 5384; How. Stat. § 8736.

the suit was properly brought on the 15th of March, 1869. The expression in this contract is the same as that in the statute. The ruling of the court below cannot be sustained without overruling *Warren v. Slade.* The rule there laid down is the correct one, and is sustained by the weight of American authorities.

The judgment must be reversed, and a new trial ordered, with costs.

The other Justices concurred.