## Michael G. Enright v. Estella A. Gibson.
### Gen. No. 11,867.

1. MALICIOUS PROSECUTION—*when action for, not prematurely brought.* Where an action for malicious prosecution is brought on the same day as the discharge from the prosecution, it will not be held, even in the absence of evidence, that the action was prematurely brought.

2. MALICIOUS PROSECUTION—*what proof of actual damage in action for.* Proof of false imprisonment and malicious prosecution for alleged larceny is proof of actual damage in an action for malicious prosecution.

3. PREMATURE SUIT—*when objection of, comes too late.* An objection that an action was prematurely brought cannot be raised on appeal where not interposed at the trial nor relied upon in the motion for a new trial.

4. MOTION IN ARREST—*what questions reached by.* Such motion only goes to such substantial defects in the declaration as can be reached by general demurrer.

5. DECLARATION—*effect of averment of damage at conclusion of.* An averment at the conclusion of the declaration as to the damage of the plaintiff, applies to each particular count thereof.

6. ABSTRACT—*effect of failure to abstract matter relied upon as error.* The court may refuse to rule upon an error where the matter upon which it is predicated is not contained in the abstract.

7. TRANSCRIPT OF JUSTICE—*when competent in action for malicious prosecution.* A certified copy of the docket of the justice is competent in an action for malicious prosecution, to show the termination of the prosecution which is made the basis of the action.

8. INSTRUCTIONS—*when alleged errors in, will not be reviewed.* Where counsel do not undertake to point out the alleged defects, the court will not critically examine the instructions for the purpose of ascertaining if there is error contained therein.

9. VERDICT—*when not held the result of passion or prejudice.* A verdict will not be held the result of passion or prejudice where no error is assigned that it was the result of such improper influences.

Action on the case for malicious prosecution. Appeal from the Circuit Court of Cook County; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 27, 1905.

**Statement by the Court.** This is an appeal from a judgment in favor of appellee and against appellant for the sum of $2,500. The jury, by their verdict, assessed the plaintiff's damages at the sum of $5,000, from which the plaintiff, pending a motion for a new trial, remitted $2,500, and judgment was rendered for the remainder. The declaration contains two counts. The first count is for false imprisonment, and, after averring, with the usual prolixity, the good reputation, fame, etc., of the plaintiff, avers that, to-wit: May 26, 1901, in Cook county, the defendant, maliciously and without probable cause, forcibly seized plaintiff and imprisoned her in a small room of the defendant and kept her there imprisoned for a long time, and, without any reasonable or probable cause, caused and procured a police officer of the city of Chicago to seize plaintiff, without any warrant or authority of law, and caused plaintiff to be conducted to the Harrison street police station in said city, and to be there imprisoned for, to-wit: one day. The second count charges that the defendant appeared before Wm. T. Hall, justice of the peace, and falsely and ma-

liciously, and without any reasonable or probable cause, charged the plaintiff with having committed the crime of larceny as bailee of one book of the value of four dollars, property of defendant; that thereupon said justice issued a warrant for the arrest of plaintiff; that afterwards, to-wit: on the day aforesaid, plaintiff was arrested and detained in prison for one day; that afterwards the plaintiff was brought before said Wm. T. Hall, justice of the peace, for trial; that a trial was had, resulting in a finding of not guilty, and plaintiff discharged, and that said proceedings are wholly ended; that plaintiff was obliged to expend the sum of fifty dollars in and about her defense and in the manifestation of her innocence. The declaration concludes that by reason of the premises, plaintiff has been injured in her reputation, and then and there received a nervous shock, and her health was impaired, and she became sick, etc., and so remained thence hitherto, to her damage $20,000.

The defendant pleaded the general issue. Motions to take the case from the jury at the close of the plaintiff's evidence, and also at the close of all the evidence, for a new trial and in arrest of judgment, were made and overruled, with the result above stated.

Enright, the appellant, was engaged in conducting an employment agency in the city of Chicago, and, about April 1, 1901, employed appellee, who, at the time of the trial, March, 1904, was 37 years of age, and had been a widow for 17 years. Her duty was in the female department of appellant's business, and she had charge of that department and had in her custody an index book, which, as appears from the evidence, contained an index to another book, also in her custody, in which was a list of positions, and was called an order book. On Saturday, May 25, 1901, about six o'clock in the evening, appellee left appellant's place of business and went to her boarding-house. Appellee testified that she took the order book and index book home, for the purpose of completing in the latter the index to the former, which she did, and about three o'clock p. m. the next day returned to appellant's office with the two books,

where she met appellant and another man, and said to appellant, "Wait till you see how I fixed your book," and he said, "Yes, I guess you fixed it all right," and asked her to step into a little office there and then shut and locked the door. The evidence for appellant tends to prove that there was no lock on the door except an inside spring lock. That appellant then caused his clerk, O'Reilly, to telephone to the central police station for an officer. Appellee testified that some officers came in about fifteen minutes after the communication by telephone, and one of them came to her and asked if she was Mrs. Gibson, and, on her answering yes, said, "The lieutenant at the station would like to see you," and told her to bring the book with her, which she did, and went to the Central station with appellant, his friend and the officers; that while there she was on one side of a partition, and heard appellant, who was on the other side, tell the officer that appellee stole the book; that the book was worth $5,000; that he could not do business without it, and that appellee had taken it to sell out to a rival firm, and that he, appellant, wanted her held for larceny and punished. Appellee was then taken to the Harrison street police station in the police patrol wagon, and was booked for larceny and locked up, and remained there until next morning, when she secured bail. The formal complaint was made by appellant, and a warrant issued Monday, May 27, 1901.

Quite a number of witnesses were examined, and there was some conflict in the evidence in respect to comparatively minor matters.

HOGAN & HOGAN and R. A. BURTON, for appellant; SIMEON ARMSTRONG, of counsel.

MORSE IVES and GEORGE I. HAIGHT, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Counsel for appellant contend that the suit was prematurely brought, citing Phelan v. Douglas, 11 Howard's Pr. R. 193; Warren v. Slade, 23 Mich., 1, and Hardy v. Ryle,

9 Barn. & Cress., 603.   The transcript of Hall, justice, before whom the complaint alleged in the second count was heard, shows that the case was called May 28, 1901, at 9 o'clock a. m., and that defendant was discharged.   The summons in the present suit was issued May 28, 1901, and appellant's contention is, that there being no fractions of a day in law, the suit should not have been commenced till May 29 or later.

The objection applies only to the second or malicious prosecution count, and the question is whether it is good as to that count.   In the Phelan case, the infancy of the plaintiff expired December 12, 1841, and, by the statute, he had ten years in which to bring suit after his disability was removed.   Held, that he could have commenced suit December 13, 1841, that the ten years expired December 12, 1851, and that December 13, 1851, when he commenced suit, was one day too late.   In Warren v. Slade, *supra,* a judgment was rendered March 15, 1859, and by the statute the plaintiff was limited to ten years in which to sue on it.   He sued March 15, 1869.   Held, that March 15, 1859, the day on which the judgment was rendered, must be excluded, and that the action was not barred.   Hardy v. Ryle, *supra,* was an action against a magistrate for false imprisonment.   The time limited for bringing suit was "within six calendar months after the act committed."   The plaintiff was committed to prison by the magistrate for one calendar month, and was discharged from imprisonment December 14.   The suit was commenced June 14.   The court, after saying that every continuance of an imprisonment is a new imprisonment, held that December 14 should be excluded, and, consequently, the suit was not barred.

These cases are of no assistance in the solution of the question presented.   In each of them the question was whether suit was brought in time, or too late.   Here the question is, whether suit was brought too soon.   In Levy v. Chicago National Bank, 158 Ill. 88, 102, the court say: "Although the law will look into the fractions of a day when it becomes important to the ends of justice to do so, or in

order to decide upon conflicting interests, yet the general rule is, that the law knows no fractions of a day. (Grosvenor v. Magill, 37 Ill. 239.) The effect is to render a day a sort of indivisible point, so that any act done in the compass of it is no more referable to any one portion of it than to any other portion of it; and where two acts are done upon the same day, they will, as a general thing, be regarded in law as done at the same time." This accords with the argument of appellant's counsel to the effect that the law will not regard fractions of a day.

Applying the presumption that "when two acts are done upon the same day, they will, as a general thing, be regarded in law as done at the same time," the sentence discharging appellee and the bringing of suit occurred at the same instant of time, and such being the case, we are not prepared to hold that suit was prematurely brought. But appellant is not in a position to raise the objection here, that suit was prematurely brought. Our province is limited to an inspection of the record, for the purpose of determining whether the trial court erred as claimed by an appellant, or plaintiff in error, or by the opposite party, on cross-errors, and in order to entitle a party to a hearing here on an alleged error, it must appear that the matter of the alleged error was, in some way, called to the attention of the trial court, and either that the court ruled or erroneously refused to rule on the matter, and that an exception was preserved. When the transcript of the proceedings before the justice, showing the discharge of appellee, etc., was offered in evidence, counsel for appellant objected solely on the ground that it was not proper evidence, that it was secondary evidence, and, after it had been admitted in evidence, he moved to strike the testimony in regard to it out, on the ground of incompetency. Neither motion raised the question, whether the suit was brought too soon. Appellant filed a written motion for a new trial, assigning eighteen grounds for the motion, none of which presents the question whether the suit was prematurely brought.

In Ottawa, O. & F. R. V. R'd Co. v. McMath, 91 Ill. 111,

the court say: "If plaintiff in error had filed certain points in writing specifying the grounds of his motion, then he would, of course, be confined in the Appellate Court to the reasons specified in the court below, and would be held to have waived all causes for a new trial not set forth in his written grounds." See, also, Met. W. S. El. R. R. Co. v. White et al., 166 Ill. 375, 378. The rule thus announced was applied so as to exclude hearing on alleged errors in the following cases: Consolidated Coal Co of St. L. v. Schaefer, 135 Ill. 210, 217; Hintz v. Graupner, 138 ib., 158; C. & A. R. R. Co. v. Byrum, 153 ib., 131; Brewer B'g Co. v. Boddie, 162 ib., 346. The rule has also been applied by this court in numerous cases.

It is obvious that the motion in arrest of judgment could not raise the question. Such motion only goes to such substantial defects in the declaration as can be reached by general demurrer, and it does not appear from the declaration when the suit was commenced. The attention of the trial court not having been called to the matter in any way, and no ruling asked or made on the question whether the suit was prematurely brought, the objection cannot be heard here. Had the objection been made in the trial court, appellee would, in all probability, have proved that the suit was brought after appellee was discharged. It is not assigned as error that the suit was prematurely brought. If we understand the objection of appellant's counsel to the first count of the declaration, which is for false imprisonment, it is that damage is not averred in that count.

The declaration concludes with an averment of damages, following which are the words, "To the damage of the plaintiff of twenty thousand ($20,000) dollars." This applies to both counts of the declaration. L. E. & W. R. R. Co. v. Wills, 39 Ill. App., 649; Lake Shore & M. S. Ry. Co. v. Hessions, 150 Ill. 546; Forsyth v. Vehmeyer, 176 ib., 359. We cannot discover any defect in the first count which can be availed of by appellant by motion in arrest of judgment, after plea to the merits and verdict.

It is urged that the trial court erred in admitting in evi-

dence the complaint, warrant and transcript of the proceedings before the justice. We might dispose of this objection by merely stating that the documents mentioned are not abstracted. The only reference to them in the abstract is the following, with references to certain pages of the record in the margin: "Over the objection of the defendant's counsel, which objection was overruled by the court and duly excepted to, counsel for the plaintiff read to the jury the complaint warrant and transcript of the proceedings purporting to have been had before Justice Hall, in which transcript it is recited and certified as true that the only witnesses heard were Officers Zimmer and Hogan." Rule 18 of the court requires a complete abstract or abridgement of the record. In Gibler v. City of Mattoon, 167 Ill. 18, the court, p. 22, say: "We cannot reverse a judgment at the instance of one who, so far as we can see, has no interest in the matter whatever. Nor are we called upon to explore the record to find the alleged technical errors to sustain the assignment of errors as to the first mentioned eleven plaintiffs in error, and to pick out the several tracts owned by them, respectively, if any. (Strohm v. People, 160 Ill. 582). As said in City Electric Railway Co. v. Jones, 161 Ill. 47, 'everything on which error is assigned must appear in the abstract.' Chapman v. Chapman, 129 Ill. 386; City of Roodhouse v. Christian, 158 id., 137; 2 Shinn on Pl. & Pr., sec. 1069." See, also, Hickox v. City of Springfield, 208 Ill. 28. A mere index to the record is not a compliance with the rule.

The sole objection to the complaint made on the trial is as follows: Mr. Hogan: "We interpose an objection to the complaint." The Court: "What is the objection." Mr. Hogan: "All that is material in the issue is to show that the proceeding was entered; and it is immaterial, the complaint or any other papers." The court very properly overruled this objection and admitted in evidence a certified copy of the complaint. It is sworn to by the appellant, and charges that Mrs. E. A. Gibson did commit the crime of larceny as bailee, while having the custody and being in

possession of one book, of the value of $4, and did feloniously and unlawfully convert the same to her own use, with intent to steal the same. The complaint concludes by praying that appellee may be arrested. The warrant was offered next after the complaint, and the only objection made to it was this: Mr. Hogan: "I object for the same reason." The warrant is dated May 27, 1901, is in the usual form, and for the arrest of E. A. Gibson, the appellee, and is returned, "Executed the within writ by arresting the within named Mrs. E. A. Gibson and bringing her into court this 27th day of May A. D. 1901, before W. T. Hall, Justice of the Peace. Math. Zimmer, Constable, Police Officer."

Next after the admission in evidence of the warrant a certified transcript of the proceedings before the justice was offered in evidence, appellee's attorney saying, "And for the sole purpose of showing the termination of that transaction, I offer a certified copy of the transcript," when this occurred: Mr. Hogan: "I object to that." The Court: "What is the objection?" Mr. Hogan: "The objection is that it is not proper evidence; that it is secondary evidence." No objection was made to the form of the certificate. The transcript shows, among other things, the following: "Case called May 27, 1901, and continued to May 28, 1901, 9 a. m. Case called for trial May 28, 1901, and defendant discharged." W. T. Hall, the justice before whom the proceedings took place and who presided in the police court, at the Harrison street station, was dead at the time of the trial, and Horace Clinton, who was clerk of the police court for nine years, testified that the complaint and warrant, offered in evidence, were in his handwriting, and were correct copies of the originals, and that about a year before the trial a great many papers had been destroyed at the Harrison street police station, in cleaning up the place, and that he had searched for the original complaint and warrant thoroughly, where such documents were usually kept, and where they would be likely to be, but could not find them. The testimony was, as we think, clearly competent.

Appellant's counsel contend that the court erred in allow-

ing in evidence the certified transcript of the proceedings before the justice showing appellee's discharge, citing Skidmore v. Bricker, 77 Ill. 164.

In Ragains v. Stout, 81 Ill. App., 209, oral evidence was admitted to prove the discharge of the plaintiff, in respect to which the court say: "This allegation required proof by competent evidence. Upon the trial of the present case, over the specific objection of appellant to the admission of oral testimony, appellee was allowed to testify as to the proceedings before the justice. This was error. The docket of the justice was the best evidence. It was admissible, not to prove that appellant was not guilty, but to prove the termination of the prosecution. This interpretation of the opinion in Skidmore v. Bricker, 77 Ill. 164, has been adopted in several instances, and we think it is correct. Comisky v. Breen, 7 Brad. 374; Fadner v. Filer, 27 Ill. App., 508; McGuire v. Goodman, 31 Ill. App., 420; Wilmerton v. Sample, 39 Ill. App., 68." See, also, Tumalty v. Parker, 100 ib., 382, 387; and C. C. C. & St. L. Ry. Co. v. Jenkins, 75 ib., 17, 27, and 2 Greenleaf on Ev., sec. 452.

The attorney for appellee, in offering the evidence, stated that it was offered solely for the purpose of showing that the prosecution had terminated, and the court, at the instance of the plaintiff, instructed the jury that the transcript of the proceedings before the justice was in evidence for the sole purpose of showing the termination of the proceeding, and that they were not to consider it for any other purpose, and, at the instance of the defendant, instructed the jury that the discharge of the plaintiff was not *prima facie* evidence of want of probable cause. The general rule is that the best evidence of which a matter is susceptible must if possible be produced, and we perceive no sound reason why, in a case like the present, evidence of the plaintiff's discharge from prosecution should be an exception to the rule. In the present case all the transcript shows, in addition to what is shown by the complaint and warrant, which were clearly competent, is that appellee was discharged.

Counsel for appellant object to the giving of plaintiff's

Enright v. Gibson.

instructions 2 and 3, and the modification of defendant's instructions 14 to 23, both inclusive. The objection to instructions 2 and 3 is that there is no evidence to sustain them and that their tendency is to mislead the jury. These instructions relate to damages. This objection is apparently based on the premise that, in such case as this, there must be definite proof, in dollars and cents, of actual damage. If counsel do not mean this we cannot conceive what they do mean, as they seem to think that proof of false imprisonment and of malicious prosecution for alleged larceny is not proof of actual damage. The objection cannot be sustained.

The objection to the modification of instructions 14 to 23, both inclusive, is thus stated by counsel: "These instructions, as altered by the court, in effect told the jury that they could find the defendant guilty on the first count, and was entirely too broad an instruction to the jury as to their duty under the evidence." This is the total argument, if it can be called such, in reference to these instructions. No defect is pointed out in any one of the instructions; but we are invited to examine critically each one of them, for the purpose of ascertaining whether there is any error in it which will warrant a reversal of the judgment. In other words, we are asked to perform the work of counsel, which we emphatically decline to do. The argument ( ? ) of counsel, in respect to these instructions, is little, if any, more than an assignment of error. In Hudson v. Madison, 75 Ill. App., 442, 445, the court say: "We are kindly invited by counsel 'to review carefully each of the instructions that were refused by the court, asked on behalf of the appellant,' also, 'to review carefully the instructions given on behalf of appellee, and the modifications that were made to instructions given on behalf of appellant,' without pointing out a specific objection to a single instruction. Such a mode of presenting instructions for review must be regarded as an abandonment of the error." See, also, the following cases to the same effect: Billingsley v. The People, 86 Ill. App., 233; Ill. Cen. R. R. Co. v. Heisner, 93 ib., 469; City of Chicago v. Spoor, 91 ib., 472; C., R. I. & P. R. R. Co. v. Moffitt, 75 Ill. 524;

Banfill v. Twyman, 172 ib., 123. In R. R. Co. v. Moffitt, *supra,* the court say, in respect to such a general, indefinite objection: "Counsel operate a drag net, but ask the court to do the sorting."

Our conclusion from the evidence is that the finding of the jury for appellee is not against the weight of the evidence, but, on the contrary, is amply sustained by the evidence. Appellant's counsel, however, contend that the verdict was the result of passion and prejudice, and say that the sum of $5,000 assessed by the jury as damages warrants this contention. The sum assessed by the jury as damages is of no importance, except as bearing on the question whether the verdict was the result of passion or prejudice on the part of the jury, because the judgment is for only half of that sum. But it is not one of the grounds assigned for a new trial that the verdict was the result of passion or prejudice, and, consequently, is not included in the assignment of error here, that the court erred in refusing to grant a new trial. Therefore, the question whether the verdict was the result of passion of prejudice, is not properly before us for consideration.

It is assigned as error that the verdict is excessive; but the court compelled a remittitur of $2,500, and it is not contended that $2,500, the sum for which judgment was rendered, is excessive.

We find no error in the record requiring a reversal of the judgment, and it will be affirmed.     *Affirmed.*