## TERRILL v. TERRILL.

(Third Division. Fairbanks. July 24, 1905.)

### No. 316.

1. DIVORCE—JURISDICTION—PLEADINGS.

Before the District Court in Alaska has jurisdiction to dissolve a marriage contract, it must affirmatively appear from both pleadings and proofs (1) that the plaintiff was an inhabitant of the District of Alaska at the time of bringing the action, (2) and was such inhabitant for two years immediately prior thereto, and (3) that he has had a residence in the district for two years immediately prior to bringing the action.

2. SAME—INHABITANT—RESIDENCE.

> An inhabitant is a dweller in a place; a resident; one who
> dwells or resides permanently in a place; one who has a fixed
> and permanent abode in a place. Residence means a place of
> abode, and, within the meaning of the Alaska divorce law, it is
> the place where one resides—his home.

A suit for divorce being at issue, the case was called for trial. Both plaintiff and defendant were present with their respective attorneys and witnesses. Plaintiff was sworn as a witness in his own behalf, and testified that he and defendant were married in British Columbia in 1894, and removed to Wrangel, Alaska, about February 1, 1898, where they resided until August 1, 1899, when they removed to Dawson in the Yukon Territory. They remained in Dawson from August 1, 1899, to October, 1904, when they removed to Fairbanks, Alaska. Plaintiff then sought to introduce testimony of adultery committed by the defendant at Dawson with a named co-respondent, and continued relations and opportunities in Fairbanks since October, 1904, from which a presumption of adulterous relations in Alaska must arise. The court upon its own motion (Parker v. Winnipiseogee Co., 67 U. S. 545, 17 L. Ed. 333) stopped the proceedings at this point, and suggested to counsel that section 469 of the Code of Civil Procedure of Alaska, as amended by the act of Congress approved March 2, 1903, (chapter 978, 32 Stat. 944), made a residence within the territory of Alaska for two years prior to the application for a divorce jurisdictional, and declined to hear further testimony until jurisdiction should be affirmatively established. Counsel for both plaintiff and defendant have filed briefs in support of the argument that the court has jurisdiction because plaintiff also testified that when he left Alaska in 1899 he intended, at some time not fixed in his testimony, to return to the territory. The record shows that this suit was begun by filing the complaint on June 1, 1905.

Pratt & Johanson, for plaintiff.

Carr & Nye, for defendant.

WICKERSHAM, District Judge. Section 469 of the Code of Civil Procedure, as amended by the act of Congress of March 2, 1903 (chapter 978, 32 Stat. 944), is as follows:

"Sec. 469. In an action for the dissolution of the marriage contract the plaintiff therein must be an inhabitant of the district at the commencement of the action and for two years prior thereto, which residence shall be sufficient to give the court jurisdiction without regard to the place where the marriage was solemnized or the cause of action arose."

It is conceded by the pleadings and evidence that the plaintiff was an inhabitant of the District of Alaska at the time of the commencement of this action, but the court has a well-aroused doubt as to his having been such for the two years prior thereto, upon his own sworn statement.

1. An inhabitant is a dweller in a place; a resident; one who dwells or resides permanently in a place; one who has a fixed and permanent abode in a place. Burrill, Law Dict. vol. 2, p. 72. Webster defines an inhabitant to be a dweller; one who dwells or resides permanently in a place, or who has a fixed residence, as distinguished from an occasional lodger or visitor; as the inhabitants of a house or cottage, the inhabitants of a town, city, or state. Gormully v. Pope Mfg. Co. (C. C.) 34 Fed. 818, 819.

"The term 'inhabitant' is derived from the Latin 'habito,' and signifies to live in, to dwell in, and is applied exclusively to one who lives in a place, and has a fixed and legal settlement. It embraces locality of existence. It refers to the place of a person's actual residence, and excludes the idea of an occasional or temporary residence, and, as used in the section referred to, the place where the elector dwells at the time of his voting. * * * This residence is, however, to be bona fide, and not casual or temporary." Spragins v. Houghton, 2 Scam. (Ill.) 377.

2. In a suit for a divorce it must affirmatively appear that the plaintiff was not only an inhabitant of the district at the time he brought the action, but also for two years immediately prior thereto. To be an inhabitant of the district for two years immediately prior to the date of the commencement of the action means that he had his domicile and fixed abiding place therein for the whole of the two calendar years preceding that date. It does not necessarily mean that he was actually and personally present in the territory during the whole time, but that it was his recognized home, domicile, or place of residence, and that he had during that period no other established home, domicile, or abiding place outside of the district at which he permanently remained with his family.

3. Not only must it affirmatively appear from the pleading and the proofs that he was an inhabitant at the time of commencing his action for divorce, and for two years prior thereto, but it must as clearly appear that he had a residence within the territory for the two years prior thereto. Residence means a place of abode, and within the meaning of this statute it is the place where he resides. In Wisconsin, under the statute requiring that "the plaintiff shall have resided in this state one year immediately preceding the time of" applying for a divorce, the plaintiff must have, in fact and in intent, an established home in the state for the preceding year; a place where he lives and has an abode; where he would be liable to taxation; where service of process of court could be had upon him by copy; and where he has an actual habitation and residence. Hall v. Hall, 25 Wis. 600, 608. In Illinois the statute provides that no person shall be entitled to a divorce who has not resided in the state one year, and the Supreme Court of that state held that this meant that there must be a fixed abode there, and the intention of remaining, at least for a time, for business or other reasons not solely

connected with the suit for divorce. Chapman v. Chapman, 129 Ill. 386, 21 N. E. 806.

In this case it is admitted that the plaintiff did not have an actual abode in Alaska for two years prior to bringing this action, but only for six months prior thereto. His admission is that his actual residence was in Dawson, Y. T., where he and his family actually resided for 5 years after their 18 months residence at Wrangel. It is not shown that he had any business or property interests in Alaska during the five years of his absence, nor are any facts shown from which a constructive residence in Alaska during that period can be inferred. True, he now says that he intended to return to Alaska, but residence is a question of intent and fact combined, and the supporting fact is missing from his evidence.

The marriage contract is the foundation of the home, the family, and the state; it is a contract favored by good morals and the principles of ethics and Christianity. No presumption of law or fact will be admitted which will weaken or tend to destroy it. One who sues to dissolve it must make his allegations clearly within the terms of the statute, and support them by sufficient and satisfactory evidence. Giving the evidence of the plaintiff its broadest scope, the sum total of his actual inhabitancy and residence in Alaska barely covers the necessary statutory period; the first part of that actual residence is separated from the last six months by more than five years of actual residence with his family in Dawson. He does not show compliance with the good faith required by the statute to give life to his cause of action and jurisdiction to this court to dissolve the marriage contract. Before the District Court in Alaska has jurisdiction to dissolve a marriage contract, it must affirmatively appear from both the allegation and evidence (1) that the plaintiff was an inhabitant of the District of Alaska at the time of bringing the action, (2) and was such inhabitant for two years immediately prior thereto, and (3)

that he shall also have had a residence in the district for two years immediately prior thereto. These jurisdictional facts are wholly lacking according to the admissions of the plaintiff on oath, and the case must be dismissed for want of jurisdiction. It is so ordered.