## JOCQUE v. McRAE.

1. Bills and Notes—Checks—Maturity—Days of Grace.
   Under section 4877, 2 Comp Laws, a check drawn on a bank, payable 90 days after date, matures at the expiration of 90 days, without grace; section 4871, Id., providing for grace on bills of exchange, etc., not being applicable.

2. Limitation of Actions—Accrual of Action—Check.
   The drawer of a check payable 90 days after date has the whole of that period in which to provide for its payment, and, since an action will not lie until the day following the expiration of that period, the statute of limitations will not begin to run until that day.

Error to Delta; Stone, J. Submitted November 14, 1905. (Docket No. 132.) Decided December 22, 1905.

Assumpsit by Henry Jocque against Peter McRae upon a certain check. There was judgment for plaintiff, and defendant brings error. Affirmed.

*George Gallup* and *A. H. Ryall*, for appellant.

*Davidson & Hudson*, for appellee.

Blair, J. The opinion of the trial judge so fully, clearly, and correctly disposes of the sole question involved in this case that we adopt it as our own without further comment, as follows:

"This action was brought to recover the amount claimed to be due upon a certain check or order for the payment of money, a copy of which was set forth in the declaration, as follows:

"'Escanaba, Mich., 17th Sept., 1896.
"'No. 783.
"'The First National Bank. Ninety days after date pay Henry Jocque or bearer, $775.00. Seven hundred and Seventy-five dollars. Pine purchase.
"'J. L. McRae & Co., Dec. 16.'

"The sole defense relied upon by the defendant at the trial was the statute of limitations.

"I am satisfied that this check became due on December 16, 1896, and that the case is governed by section 4877, 2 Comp. Laws, and not by section 4871. The last-named section has been upon the statute books of this State since the Revised Statutes of 1846. Section 4877 is a part of Act No. 137 of the Laws of 1867, entitled 'An act in relation to commercial paper,' and relates to checks, etc., drawn upon banks, banking associations, etc. It being the last expression of the legislature, and applying to bank checks, it must be held to govern in this case. So it is very clear that this check became due upon December 16, 1896, and under the holding of our Supreme Court in *Wiesinger* v. *First National Bank*, 106 Mich. 291, and the authority there cited, the defendant had the whole of that day in which to pay the check, and that action on the check could not have been brought on that day. A suit begun on that day would have been premature. 2 Am. & Eng. Enc. Law (1st Ed.), p. 396, and cases cited. This being so, the only remaining question is When did the statute of limitations begin to run?

"That there may be no misapprehension here, it is well that we look at our statute. It provides (3 Comp. Laws, § 9728) that the following actions (including assumpsit founded upon any contract or liability, express or implied) shall be commenced within six years next after the cause of action accrue, and not afterwards. Now, when did the cause of action accrue? Manifestly on December 17, 1896. A cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon. It accrues at the moment when he has a legal right to sue on it, and no earlier. 19 Am. & Eng. Enc. Law (2d Ed.), p. 193, and cases cited.

"Promissory notes, etc., payable at a fixed time, may be sued upon only after their maturity as thus fixed, and until then the statute does not begin to run. Id. 199.

"The statute does not begin to run until the day after the day of payment. The cause of action having accrued on December 17, 1896, it is evident, under the Michigan decisions, that the 17th day of December must be excluded in computing the time under the statute of limitations. Such has been the law of this State since the case of *Warren* v. *Slade*, 23 Mich. 1. There an action was commenced by summons on March 15, 1869, upon a

judgment rendered in a court of record on March 15, 1859, and it was held that it was not barred by the statute, which provides that every action upon such a judgment shall be brought within 10 years next after the judgment was entered, and not afterwards, and that in computing the time upon such statute the day the judgment was entered is excluded. In that case it is very clear that suit could have been commenced on the judgment on the day of its entry. That day must, therefore, be excluded in making the computation. The confusion has arisen by confounding the day when the check became due with the day when the cause of action accrued. When time is to be reckoned 'from' or 'after' a day named, such day is excluded in the computation. *Gorham* v. *Wing*, 10 Mich. 486; *Doyle* v. *Mizner*, 41 Mich. 549.

"The case of *Warren* v. *Slade* has been cited and followed in *Shelton* v. *Gillett*, 79 Mich. 173, and in *Chaddock* v. *Barry*, 93 Mich. 542 (18 L. R. A. 337). In *Shelton* v. *Gillett*, the rule was applied where a grantee agreed that, if he disposed of the land at any time within five years from the date of the contract, he would pay the grantor a specified sum.

"The contract was dated December 24, 1883, and the grantee sold the land December 24, 1888, and there was no evidence outside of the contract to show the intentions of the parties as to the computation of time, and the sale was held to have been within five years.

"In concluding the opinion of the court in that case Judge GRANT said:

" 'The ruling of the court below cannot be sustained without overruling *Warren* v. *Slade*. The rule there laid down is the correct one, and is sustained by the weight of American authorities.'

"I have not gone outside of Michigan to cite the many authorities, both ways, that can be found. An interesting review of the authorities will be found in Wood on Limitations (3d Ed.), § 54 et seq.

"The summons in this case was issued and placed in the hands of the officer to serve on December 17, 1902. It must be held, therefore, that the statute of limitations had not run in the case, and that the action is not barred."

The judgment is affirmed.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.